Jennifer INMAN and John Inman, III, Appellants–Plaintiffs,

v.

FARM BUREAU INSURANCE, Appellee–Defendant.

No. 53A01–9108–CV–240.

Court of Appeals of Indiana, First District.

Jan. 13, 1992.

Betsy K. Greene, Nunn, Kelley & Greene, Bloomington, for appellants-plaintiffs.

James W. Riley, Jr., Thomas R. Haley, III, Riley, Bennett & Egloff, Indianapolis, Gary J. Clendening, Harrell, Clendening & Coyne, Bloomington, for appellee-defendant.

BAKER, Judge.

Plaintiff-appellants Jennifer and John Inman brought this declaratory judgment action against defendant-appellee United Farm Bureau Mutual Insurance Company (Farm Bureau), seeking a declaration that the policy limits of their uninsured motorist coverage were equal to the limits of their auto liability coverage pursuant to IND. CODE 27–7–5–2. After initially entering summary judgment for the Inmans, the trial court granted Farm Bureau's motion to correct error, and the Inmans now appeal. The sole issue for our review is whether the provisions of IND.CODE 27–7–5–2 apply to the Inmans' policy. We hold that they do not, and therefore affirm.

## FACTS

The Inmans initially purchased their auto insurance policy from Farm Bureau on October 10, 1976. The policy was periodically renewed, and the most recent renewal germane to this appeal came on April 10, 1988, for a term ending October 10, 1988. The April 1988 renewal policy had a bodily injury limit of $100,000 per person and $300,000 per occurrence. The uninsured/under-

insured coverage for bodily injury had a limit of $25,000 per person and $50,000 per occurrence. On June 20, 1988, as she was driving on State Road 54, Mrs. Inman was struck by an uninsured driver.

## DISCUSSION AND DECISION

IND.CODE 27–7–5–2(a), amended effective January 1, 1988, requires auto insurers to make available to their insureds uninsured/underinsured motorist coverage with bodily injury limits equal to the insureds' liability coverage for bodily injuries. The requirement, however, "applies only to policies first issued after Dec[ember] 31, 1987." P.L. 391–1987(ss), § 4 (Section 4).[1] All other policies are governed by the pre-amendment version of the statute, which required uninsured/underinsured coverage equal to that required by Indiana's financial responsibility statute, IND.CODE 9–25–2–3.

The Inmans' April 1988 renewal policy lists coverage for bodily injuries caused by uninsured/underinsured motorists at a maximum of $25,000 per person and $50,000 per occurrence, but the Inmans argue IND.CODE 27–7–5–2(a) entitles them to uninsured/underinsured coverage equal to the $100,000 per person and $300,000 per occurrence provided by their liability coverage. Last month, in *United Farm Bureau Mut. Ins. Co. v. Lowe* (1991), Ind.App., 583 N.E.2d 164, 167, we decided this issue adversely to the Inmans, holding the clear and unambiguous language of Section 4 referring to the first issuance of a policy applies only to new policies, not to renewal policies.[2]

Our conclusion on this point is buttressed by the definition of "renewal"

1. *See* Historical and Statutory Notes to IND. CODE 27–7–5–2 (West's A.I.C.1991 supp.)

2. The Inmans warn us of the unfairness that will result if IND.CODE 27–7–5–2 is not read to include policy renewals. They argue the exclusion of renewals from the ambit of IND.CODE 27–7–5–2 will prevent insureds with pre–1988 policies from achieving adequate uninsured/underinsured motorist coverage. This line of reasoning falls wide of the mark.

While policies first issued after December 31, 1987 must automatically contain uninsured/underinsured coverage limits equal to the liability coverage contained in the policy (unless rejected by the insured), pre–1988 policies can provide the same protection upon an insured's request for an increase in uninsured/underinsured coverage.

contained in IND.CODE 27–7–6–3, which provides in pertinent part:

'Renewal' or 'to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer insuring the same insured....

We are to give the words of a statute their common and ordinary meaning, *United Farm Bureau Mut. Ins. Co. v. Lowe, supra,* (Chezem, J., dissenting), 583 N.E.2d at 170 (citing *Spaulding v. International Bakers Services, Inc.* (1990), Ind., 550 N.E.2d 307, 309), and the language here could be no clearer: a renewal policy is issued to replace the preceding policy governing relations between insurer and insured; it is not the first issuance of a policy. Here, then, while the policy in dispute was issued on April 10, 1988, it was issued as a replacement policy of a policy first issued on October 10, 1976, and is therefore not covered by the terms of the 1987 amendments to IND.CODE 27–7–5–2.[3]

Finally, in seeming anticipation of the dissent in *United Farm Bureau Mut. Ins. Co. v. Lowe,* the Inmans' brief asserts they are entitled to the benefits of IND.CODE 27–7–5–2(a) by negative inference from IND.CODE 27–7–5–2(b). We disagree. In pertinent part, subsection (b) provides:

Renewals of policies issued or delivered in this state which have undergone *interim* policy endorsement or amendment do not constitute newly issued or delivered policies for which the insurer is required to provide the coverages described in [subsection a].

(Emphasis added.) As we have already stated, a renewal policy, as defined by IND.CODE 27–7–6–3, is a replacement policy issued at the end of a policy period, and is therefore not the first issuance of a policy. Insurance policies, however, can undergo changes during a policy period as well as at the end of a policy period. An insured may add a new car to the policy, an insured's 16 year old may begin driving, or some other event may occur which requires amendment or endorsement during a policy period. Subsection (b), therefore, is nothing more than a supplement to IND.CODE 27–7–6–3 which makes clear that mid-period renewals after December 31, 1987 are to be treated the same as end-period renewals after December 31, 1987.

### CONCLUSION

For all of the foregoing reasons, the judgment of the trial court is affirmed.

RATLIFF, C.J., and MILLER, J., concur.

---

3. When the legislature enacts a statute, we presume it is aware of existing statutes in the same area. *Matter of P.J.* (1991), Ind.App., 575 N.E.2d 22, 27 n. 3 (Baker, J., dissenting) (citing *Pea v. Pea* (1986), Ind.App., 498 N.E.2d 110, *trans. denied*). Accordingly, when the 1987 General Assembly amended IND.CODE 27–7–5–2, we must presume it was aware of IND.CODE 27–7–9–8(b), enacted in 1986, which sets out require-

ments for insurers "proposing to *issue or renew*" mine subsidence insurance policies (emphasis added). The General Assembly knows the difference between issuance and renewal, and we will not read the unambiguous statute affecting only policies "first issued" after December 31, 1987 as also affecting policies "renewed" after December 31, 1987.