**CITY OF EVANSVILLE, Indiana,**
**Appellant–Defendant,**

v.

**Adam V. ZIRKELBACH,**
**Appellee–Plaintiff.**

No. 82A01–9508–CV–261.

Court of Appeals of Indiana.

March 11, 1996.

Allan G. Loosemore, Jr., Evansville, for Appellant.

Charles L. Berger, Berger & Berger, Evansville, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant City of Evansville, Indiana, (City) challenges the trial court's decision ordering it to reinstate appellee-plaintiff Adam V. Zirkelbach on the eligibility list for appointment to the Evansville Police Department (Department). In this appeal, the City raises one issue for review: whether pursuant to Evansville City Ordinance 3.30.37.514, an applicant for appointment to the Department must be twenty-one years of age at the time he or she files an application for appointment.

### FACTS

The undisputed facts are that Zirkelbach, who was twenty years of age, filed an application for appointment to the Evansville Police Department. The City approved his application and placed him on the Applicant Eligibility List. Thereafter, the Department discovered that Zirkelbach was only twenty years of age when he filed his application, rather than twenty-one years old as allegedly required by Ordinance 3.30.37.514. On July 19, 1995, the Evansville Police Merit Commission (Commission) held a meeting to discuss whether Zirkelbach could remain on the eligibility list. The Commission determined that the ordinance required an applicant to be twenty-one years of age at the time he or she files an application for appointment to the Department and thus, voted to remove Zirkelbach from the eligibility list.

On July 20, 1995, Zirkelbach filed a complaint in the Vanderburgh Superior Court seeking a temporary and permanent injunction enjoining the City from hiring any police officers during the pendency of the proceedings and requesting the trial court to order the Commission to reinstate him on the eligibility list. On August 3, 1995, the trial court held a hearing on the propriety of injunctive relief. On August 8, 1995, after entering findings of fact and conclusions of law in which it found that an applicant for appointment to the Department was not required to be twenty-one years of age at the time he or she filed an application provided that he or she had attained twenty-one years of age at

the time of appointment, the trial court ordered the Commission to reinstate Zirkelbach to the eligibility list. The City now appeals the trial court's determination that Zirkelbach was eligible for appointment claiming that the court erroneously interpreted Ordinance 3.30.37.514.

## DISCUSSION AND DECISION

### I. Mootness

 Initially, we address Zirkelbach's argument that the issue raised in this appeal is moot. Specifically, Zirkelbach asserts that he is now over the age of twenty-one and has already been trained and sworn in as an Evansville police officer. Generally, an issue is deemed moot when the case is no longer live and the parties lack a legally cognizable interest in the outcome of its resolution or when no effective relief can be rendered to the parties. *Huntingburg v. Phoenix Natural Resources*, 625 N.E.2d 472, 474 (Ind.Ct. App.1993). However, even when an appeal is moot, we can review issues under a public interest exception which may be invoked when the case involves a question of great public importance which is likely to recur.[1] *Id.* Here, the parties concede, and we agree, that the hiring of police officers is an issue of great public importance, for police officers are entrusted with the civic duties of law enforcement and protection of the public. Further, it is likely that individuals who are twenty years of age will continue to apply to become police officers. Thus, the issue raised by the City fits the public interest exception and we shall examine the issue even though no practical remedy is available.[2]

### II. Ordinance

 Now, we shall address the City's argument that the trial court erred in interpreting Ordinance 3.30.37.514 and holding

that Zirkelbach was eligible for appointment to the Department. Ordinance 3.30.37.514 provides in pertinent part:

*Appointment to Department; requirements.*

(A) To be appointed to the department, an applicant must be:

(1) A citizen of the United States;

(2) A High School Graduate or equivalent; and

(3) At least twenty-one (21) years of age, but under thirty-six (36) years of age. However, the age requirements do not apply to a person who has been previously employed as a member of the department.

The City argues that this ordinance should be interpreted to mean that an applicant must be twenty-one years of age at the time he or she files an application to become a member of the Department. To the contrary, Zirkelbach argues, and the trial court held, that the ordinance requires an applicant to be twenty-one years of age at the time he or she is appointed to the Department. We agree with the trial court's interpretation.

 When interpreting an ordinance, the Court of Appeals will apply the same rules as those employed for construction of state statutes. *Boyle v. Kosciusko County*, 565 N.E.2d 1157, 1159 (Ind.Ct.App.1991). Generally, courts are not at liberty to construe a statute that is unambiguous. *Hinshaw v. Bd. of Comm'rs of Jay County*, 611 N.E.2d 637, 638 (Ind.1993). However, where a statute is susceptible to more than one interpretation, it is ambiguous and the reviewing court must ascertain the intent of the legislature and interpret the statute to effectuate that intent. *Kelly v. Ladywood Apts.*, 622 N.E.2d 1044, 1047 (Ind.Ct.App.1993), *trans. denied.* When construing a statute, the reviewing court may look to the titles and the headings of the statute, *id.*, and may

---

1. Indiana does not require that an issue be capable of repetition, but likely to evade review, in order for the public interest exception to apply. *Matter of Lawrance*, 579 N.E.2d 32, 37, n. 2 (Ind.1991).

2. Zirkelbach mistakenly argues that the City has waived its right to appeal because it failed to file a motion to dismiss, pursuant to Ind.Trial Rule

41(B), to preserve the issue for review. T.R. 41(B) does not require a party to file a motion to dismiss, but rather provides that the filing of such a motion is discretionary. Further, the filing of a T.R. 41(B) motion is not necessary to preserve issues for review. Thus, the City did not waive its right to appeal.

examine the grammatical structure of the clause or sentence in issue. *Greyhound Financial Corp. v. R.L.C., Inc.*, 637 N.E.2d 1325, 1327 (Ind.Ct.App.1994).

As evidenced by the parties' differing interpretations, Ordinance 3.30.37.514 is ambiguous and thus, we must construe it so as to give effect to the intent of the legislature, in this instance the Evansville City Council. First, we find it compelling that the Council chose to title Ordinance 3.30.37.514 "Appointment to Department; requirements." *See Kelly*, 622 N.E.2d at 1047 (reviewing court may look to titles and headings of statute in construing intent of the legislature). Had the Council intended for the provisions of the Ordinance to be requisites for an applicant who is merely filing an application, as opposed to one who is awaiting appointment, it could have provided for such in the title of the ordinance. We also find support for the proposition that the Council intended this ordinance to encompass the requirements for appointment to the Department, rather than for the application process, from the first clause of the ordinance, which states, "To be appointed to the department." By placing this clause first, the Council established that the focus of the ordinance was to be on those individuals who had already filed applications and were waiting "to be appointed."

 Additionally, we note that in the Department's process for appointment, an applicant is referred to as an applicant not just at the time he or she files an application, but also at the time he or she is being considered for appointment. Therefore, we do not believe that the Council intended the term "applicant", in Ordinance 3.30.37.514, to refer only to an individual who is filing an application. Rather, we believe applicant refers to a person awaiting appointment to the Department during all stages of the application process. Further, in construing a statute, it is just as important to recognize what the statute does not say as it is to recognize what it does say. *Peele v. Gillespie*, 658 N.E.2d 954, 958 (Ind.Ct.App.1995). Here,

the ordinance does not state that an individual filing an application must be twenty-one years of age. Rather, the ordinance says only that to be appointed to the Department an applicant, which as we pointed out above could be an individual who has already filed an application and is merely awaiting appointment, must be twenty-one years of age.

In conclusion, we hold that pursuant to Ordinance 3.30.37.514, an individual must be twenty-one years of age at the time he or she is actually appointed to the department, and not at the time he or she files an application seeking appointment.[3]

Judgment affirmed.

ROBERTSON and SULLIVAN, JJ., concur.

---

**3.** Although the Department's 1995 application for employment and the informational memorandum prepared by the Commission for the 1995 application process specifically state that an individual must be twenty-one years of age at the

time of application, they are in contravention of Ordinance 3.30.37.514 and are therefore, not binding departmental rules. *Uhl v. Liter's Quarry of Ind., Inc.*, 179 Ind.App. 178, 384 N.E.2d 1099, 1102 (1979).