**Charlotte LINVILLE, Appellant,**

v.

**HOOSIER TRIM PRODUCTS and Second Injury Fund, Appellees.**

No. 93A02–9504–EX–226.

Court of Appeals of Indiana.

April 30, 1996.

John P. Young, Young & Young, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana and Andrew L. Hedges, Deputy Attorney General, Indianapolis, for appellee.

## OPINION ON REHEARING

DARDEN, Judge.

■ The Defendant–Appellee, the Second Injury Fund, has petitioned for rehearing of our decision reported in *Linville v. Hoosier Trim Products and Second Injury Fund*, 659 N.E.2d 250 (Ind.Ct.App.). Upon consideration, we grant the Second Injury Fund's petition, and hereby reverse our decision declaring the phrases "lost, or lost the use of" and "permanently and totally impaired," as found in Ind.Code 22–3–3–13(a), to be ambiguous.

■ The fact that a word or phrase is not defined by a statute does not render that word or phrase ambiguous. Rather, as noted in the *Linville* dissent, we are to give the words of a statute their common and ordi-

nary meaning. *Inman v. Farm Bureau Ins.*, 584 N.E.2d 567, 569 (Ind.Ct.App.1992), *trans. denied.* Accordingly, with respect to the phrase "lost, or lost the use of," *Webster's Third International Dictionary* (1976) defines the term "lost" in part as follows:

> **4a** parted with: gone out of one's possession or control: MISLAID **b:** no longer possessed. . . .

*Id.* at 1338.

I.C. 22–3–3–13(a), provides:

> (a) If an employee who from any cause, had *lost, or lost the use of,* one (1) hand, one (1) arm, one (1) foot, one (1) leg, or one (1) eye, and in a subsequent industrial accident becomes *permanently and totally impaired* by reason of the loss, or loss of use of, another such member or eye, the employer shall be liable only for the compensation payable for such second injury. However, in addition to such compensation and after completion of the payment therefor, the employee shall be paid the remainder of the compensation that would be due for such total permanent impairment out of a special fund known as the second injury fund. . . .

(Emphasis added).

When analyzed within the context of I.C. 22–3–3–13(a), the word "lost" connotes total deprivation of a body part, or the total deprivation of the use of a body part. The word "lost" simply does not suggest the mere diminution of the use of a body part. Our interpretation is supported by the legislature's list of scheduled injuries and corresponding compensation rates found at Ind.Code 22–3–3–10(c) which distinguishes between accidents causing "loss by separation," "loss of use," and "partial loss of use." [1]

Thus, the language of I.C. 22–3–3–13(a) clearly and unambiguously refers to those

---

1.  I.C. 22–3–3–10 provides in pertinent part:

    (2) For loss by separation of both hands or both feet or the total sight of both eyes . . . one hundred (100) degrees of permanent impairment.

    \*   \*   \*   \*   \*   \*

    (6) Loss of use: The total permanent loss of use of an arm, a hand or thumb, a finger, a leg, a foot, a toe, or a phalange shall be considered

    as the equivalent of the loss by separation of the arm, hand, thumb, finger, leg, foot, toe or phalange, and compensation shall be paid in the same amount as for the loss by separation.

    (7) Partial loss of use: For the permanent partial loss of use of an arm, a hand, a thumb, a finger, a leg, a foot, a toe, or a phalange, compensation shall be paid for the proportional loss of the use of the arm, hand, thumb, finger, leg, foot, toe or phalange.

workers who no longer possess a certain body part, or to those who no longer possess the use of a certain body part. Had the legislature intended the Second Injury Fund to benefit those who retain partial use of a body part, it could easily have so specified.

■ Because we find no ambiguity within the phrase "lost, or lost the use of," we need merely apply the phrase to the facts of this case. *See United Farm Bureau Mut. Ins. Co. v. Lowe*, 583 N.E.2d 164, 167 (Ind.Ct. App.1991), *trans. denied.* As found by the Full Worker's Compensation Board, Linville did not lose either of her hands, nor did she lose the use of either of her hands.[2] Thus, the Board did not err in denying her request for benefits from the Second Injury Fund.

Because we have determined that Second Injury Fund benefits are not available to those who have only sustained partial impairment of a body part, we need not reach Linville's remaining issue which asks that we construe the phrase "permanently and totally impaired." Accordingly, we reverse our earlier decision finding that phrase to be ambiguous. *Linville, supra.*

The decision of the Board is affirmed and our decision heretofore issued is hereby vacated and set aside.

NAJAM, J., concurs.

RILEY, J., dissents with separate opinion.

RILEY, Judge, dissenting.

I respectfully dissent. The majority concludes that the word "lost", as used in I.C. 22–3–3–13, must connote "total deprivation of the use of a body part." Majority opinion at 1179. The majority then cites to I.C. 22–3–3–10(c) in support of this conclusion. *Id.* at n. 1. Instead of supporting the majority's conclusion, I.C. 22–3–3–10(c) actually undermines it. The statute provides that permanent loss of use can be either total or partial.

The Worker's Compensation Act is for the benefit of the employee and "should be lib-erally construed so as not to negate the Act's humane purposes." *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 251, 297 N.E.2d 425, 427. In keeping with the goal of liberal construction, the phrase "lost the use of" should be interpreted to refer to either total or partial loss.

It is undisputed that Linville's first injury resulted in a permanent and partial loss of use of her right hand. It is also undisputed that a second injury resulted in the permanent and partial loss of use of her left hand. As Dr. Gibson opined at the hearing on Linville's request for benefits from the Second Injury Fund, the two injuries combined to leave Linville with an actual, if not mathematical, permanent and total impairment.

I conclude that the Board's findings and conclusions are based on an erroneous interpretation of the statute and Dr. Gibson's testimony. I further conclude that the majority's interpretation of the statute is narrow and erroneous. I would reverse and remand to the Board with instructions that Linville receive compensation from the Second Injury Fund.

**2.** In 1982, Linville suffered a work-related injury which resulted in an 11% permanent partial impairment of her right hand. In 1988, while in the employ of Hoosier Trim Products, Linville suffered a second work-related injury which re-sulted in a 37% permanent partial impairment of her left hand. Thereafter, the Board denied Linville's request for benefits from the Second Injury Fund.