Robert BRENNAN, Scott Anderson, Carl Smith and Jack Kinkel, Appellants–Petitioners,

v.

BOARD OF ZONING APPEALS OF EVANSVILLE AND VANDERBURGH COUNTY, Appellee–Respondent.

No. 82A01–9708–CV–272.

Court of Appeals of Indiana.

June 8, 1998.

Robert R. Faulkner, Leslie C. Shively, Fine & Hatfield, Evansville, for Appellants–Petitioners.

D. Timothy Born, Shawn M. Sullivan, Lacey, Terrell, Annakin, Heldt & Baugh, Evansville, for Appellee–Respondent.

## OPINION

NAJAM, Judge.

## FACTS AND PROCEDURAL HISTORY

On June 10, 1996, United Caring Shelters, Inc. ("United Caring") petitioned the Board of Zoning Appeals of Evansville and Vanderburgh County ("BZA") for a special use permit for charitable and philanthropic institutions ("SU–5 permit") in order to operate a homeless shelter ("the shelter") in a vacant building located in an area of downtown Evansville which is zoned C–4.[1] A hearing was held on July 18, 1996, and evidence was presented by United Caring, several local citizens who spoke on behalf of the shelter and other citizens who testified against the issuance of the SU–5 permit. After a "no action vote"[2] by the board members, consideration of the petition was continued until the next meeting. A second hearing was held on August 15, 1996, during which the BZA heard evidence and voted six-to-zero to grant the SU–5 permit. The BZA later issued its findings of fact.

On September 13, 1996, Robert Brennan, Scott Anderson, Carl Smith and Jack Kinkel (collectively "Remonstrators") filed a Petition for Writ of Certiorari and Judicial Review with the Vanderburgh Superior Court.[3] After a hearing, the trial court entered special findings in favor of the BZA. Remonstrators now appeal.

We affirm.

## ISSUES

Remonstrators present several issues on appeal which we consolidate and restate as:

1. Whether the trial court properly applied the provisions of the Evansville, Ind., Code ("Zoning Code") to uphold the BZA's decision.

2. Whether the trial court erred when it upheld the BZA's decision to grant the special use permit to United Caring.

## DISCUSSION AND DECISION

### Standard of Review

■ Judicial review of an administrative decision is limited to a determination of whether the agency lacked subject matter jurisdiction or employed improper procedures, or whether the decision was unsupported by substantial evidence or was arbitrary, capricious, or in violation of constitutional, statutory or legal principles. *John Malone Enterprises, Inc., v. Schaeffer*, 674 N.E.2d 599, 605 (Ind.Ct.App.1996). The court must review the record of the proceedings in the light most favorable to the administrative proceeding and cannot reweigh the evidence. *Id.* The party asserting the invalidity of the agency action bears the burden of establishing its invalidity. *Id.;* IND.CODE § 4–21.5–5–14. When reviewing a decision of an administrative agency, appellate courts stand in the same position as the trial court. *Indiana Alcoholic Beverage Comm'n. v. Edwards*, 659 N.E.2d 631, 632 (Ind.Ct.App.1995). A reviewing court may vacate a board or commission decision only if the evidence, when viewed as a whole, demonstrates that the conclusions reached by it are clearly erroneous. *Cundiff v. Schmitt Development Co.*, 649 N.E.2d 1063, 1066 (Ind.Ct.App. 1995) (citing *Yater v. Hancock County Planning Comm'n*, 614 N.E.2d 568 (Ind.Ct. App.1993), *trans. denied, cert. denied*, 511 U.S. 1019, 114 S.Ct. 1401, 128 L.Ed.2d 73 (1994)).

■ An agency's interpretation of statutes and regulations which it is charged with enforcing is entitled to some weight. *Ad Craft, Inc. v. Board of Zoning Appeals of Evansville and Vanderburgh County*, 693 N.E.2d 110, 113 (Ind.Ct.App.1998). However, courts

---

1. A C–4 district is a general commercial district. Evansville, Ind., Code § 15.153.03.053.

2. If a party does not receive four votes either to approve or deny a request, this is considered a "no-action vote" and the case is continued until the next meeting.

3. United Caring was granted leave to intervene at the trial court level. However, United Caring is not a party to this appeal.

are charged with the responsibility of statutory construction and are not bound by the agency's interpretation. *Id.*

### Issue One: Interpretation

■ Remonstrators contend that the trial court misapplied the clear provisions of the Zoning Code in upholding the BZA's decision. When asked to interpret an ordinance, this court will apply the same rules as those employed for the construction of state statutes. *City of Evansville v. Zirkelbach,* 662 N.E.2d 651, 653 (Ind.Ct.App.1996), *trans. denied.* Generally, this court may not construe a statute that is unambiguous. *Id.*

### A. *Use Groups*

■ The parties agree that the Zoning Code is not ambiguous. However, they disagree about which provisions of the Zoning Code apply in this case. Remonstrators claim that the shelter is a "group home or similar facility" as described in Use Group 6 of the Zoning Code and, thus, that the BZA should not have granted the SU–5 permit. Specifically, Remonstrators contend that the proper procedure in this case would have been for United Caring to apply to the City Council to have the site rezoned. The BZA counters that the shelter does not fall squarely within the parameters of any of the use groups listed in the Zoning Code and, thus, that a special use permit is required.

Zoning Code § 15.153.04.067 provides that the "[u]ses enumerated in this chapter are subject to the restrictions in each district in which the use group is permitted and any restrictions in the table and other chapters in this code." Zoning Code §§ 15.153.04.068 through 15.153.04.080 define fifteen "Use Groups." Each use group is prefaced with a list of the districts in which that group is permitted. Use Group 6, which is the group that Remonstrators claim is applicable, provides:

> List of uses permitted in R–4, R–5, CO–1, CO–2, C–1, C–2 and C–3 Districts, which

meet the requirements and restrictions of that zone.
> *Group home/community residential facility and similar facilities which provide residential services for persons in a supervised group living program*
> Sororities and fraternities.

Evansville, Ind., Code § 15.153.04.073 (emphasis added).

■ Remonstrators claim that the BZA incorrectly determined that the shelter was not a "group home or similar facility." The Zoning Code does not define the term "group home." The fact that a word or phrase is not defined by a statute does not render that word or phrase ambiguous; rather, courts are to give the words of a statute their common and ordinary meaning. *Linville v. Hoosier Trim Products,* 664 N.E.2d 1178, 1179 (Ind.Ct.App.1996), *trans. denied.* Group homes are generally single dwelling residences with a family-like atmosphere. *Y.A. by Fleener v. Bayh,* 657 N.E.2d 410, 412–413 (Ind.Ct.App.1995), *trans. denied.* Group homes typically serve between four-to-ten people and emphasize independence, often including work and school programs. *Id.* A homeless shelter, however, is a place where someone can seek temporary refuge from the elements and other dangers that arise from day-to-day living without a home. Typically, shelters do not have a "family-like atmosphere." Rather, shelter users are transients who have neither a sense of ownership nor a sense of privacy. Food is served cafeteria style, and people sleep in a dormitory-like arrangement. We are not convinced that the proposed shelter should be classified as a "group home" under Use Group 6 of the Zoning Code.

Still, Remonstrators argue that both the BZA and the trial court ignored Use Group 6 and improperly concluded that the shelter is a "hotel" under Use Group 8 of Zoning Code § 15.153.04.075(H).[4] Remonstrators misconstrue both the BZA's and the trial court's findings. Neither found that the shelter was a hotel. Rather, the BZA concluded, and the trial court agreed, that the shelter is similar in nature to a hotel.[5]

---

4. Uses listed in group 8 are permitted in C–2, C–3, C–4, M–1 and M–2 districts and include certain retail, recreational and service uses. Hotels and motels are specifically listed in Use Group 8.

5. If the BZA had determined that the shelter was

In addition, our review of the record shows that Remonstrators presented evidence to the BZA to support their contention that the shelter was a group home or similar facility but that the BZA rejected their contention. Therefore, that provision was not "ignored" but found to be inapplicable. After reviewing the Use Group provisions of the Zoning Code, we conclude that the BZA correctly determined that the shelter does not fit squarely within any of the enumerated Use Groups and that United Caring must obtain a special use permit to operate the shelter. *See* Evansville, Ind., Code § 15.153.08.130.[6]

### B. *Special Use Permits*

Remonstrators further claim that the BZA approved the wrong permit because an SU–2 permit, which specifically allows churches to operate homeless shelters, is the appropriate permit in this case. The BZA counters that United Caring is not a church but a charitable and philanthropic organization and, thus, an SU–5 permit is the appropriate special use permit.

Zoning Code § 15.153.08.134 lists the special use designations. Special Use 2 consists of "churches and church-operated incidental/accessory facilities (on same site), including Sunday schools, child care, preschools, adult day care, offices, soup kitchens, shelters and similar uses." Evansville, Ind., Code § 15.153.08.134(2). Special Use 5 consists of "charitable and philanthropic institutions." Evansville, Ind., Code § 15.153.08.134(5).

Here, the evidence shows that United Caring is a non-profit charitable and philanthropic organization that provides a variety of services to the needy. Although United Caring receives much of its support from local Evansville churches, shelter users are not required to attend church or pray in order to utilize United Caring's services.

Further, no evidence was presented that church services of any type are planned to be held on the premises. Therefore, the evidence does not support Remonstrators' contention that United Caring is a church. We conclude that the BZA did not err when it determined that an SU–5 permit was the appropriate permit.

Still, Remonstrators claim that the BZA and trial court have construed the Zoning Code to allow a charitable and philanthropic organization to operate any type of non-conforming use it chooses as long as the use coincides with its charitable and philanthropic purpose. Again, Remonstrators misconstrue the BZA's and trial court's findings. Both utilized a two-step procedure to determine whether to grant the SU–5 permit to United Caring. First, an applicant must demonstrate that the requested use fits into one of the special use groups listed in Zoning Code § 15.153.08.134. Evansville, Ind., Code § 15.153.08.130. Then the applicant must show that the proposed use is appropriate based on the six criteria enumerated in Zoning Code § 15.153.08.132(B). *Id.* Thus, the permit will be granted only if the applicant can demonstrate both that the proposed use fits into one of the special use groups and that the use is appropriate based on the enumerated criteria. We conclude that the BZA and trial court properly followed the two-step procedure required under the Zoning Code.

### Issue Two: Grant of Permit

Finally, Remonstrators contend that the BZA erred when it granted the SU–5 permit because United Caring had failed to demonstrate that it met the criteria listed in Zoning Code § 15.153.08.132(B) in order to qualify for the permit. We cannot agree.

Zoning Code § 15.153.08.132 sets forth the procedure that an applicant must follow in

---

a hotel under Use Group 8, there would have been no need for the BZA to issue an SU–5 permit to United Caring because hotels are permitted uses in C–4 districts. *See* Evansville, Ind., Code § 15.153.04.075.

**6.** Zoning Code § 15.153.08.130 provides in relevant part:

*Certain uses are necessary to the life and economic health of the community, but have*

*characteristics of operation that do not readily permit classification in the usual residential, commercial, or industrial districts.* Because of the various types of uses and locations requiring this special consideration, the specific conditions under which each use may be permitted must be considered.

(emphasis added).

order to obtain a special use permit. It also sets forth the criteria which the BZA shall consider when it determines whether to grant or deny the permit. Those criteria are as follows:

(1) Whether the specific site is an appropriate location for the use.

(2) Whether the use as developed will adversely affect the surrounding area.

(3) Whether there will be nuisance or serious hazard to vehicle, pedestrians, or residents.

(4) Whether adequate and appropriate facilities will be provided for proper operation of the use.

(5) Whether the use is in harmony with the Evansville and Vanderburgh County Comprehensive Plan.

(6) Whether the use is essential or desirable to the public convenience and welfare.

Evansville, Ind., Code § 15.153.08.132(B).

Here, the BZA made detailed findings on the evidence with respect to each of the six criteria, and we are satisfied from our review that there is substantial evidence in the record to support the findings. Remonstrators direct us to other evidence which indicates that the site is not an appropriate location for the proposed use under the Zoning Code. However, the record shows that the proposed site is located in an area to which homeless and other needy people gravitate. The vacant building where United Caring proposes to operate its shelter "is particularly appropriate because of the lack of space at its other facilities and the efficiency to be created by combining United Caring's day care and night shelters into one building." In addition, the property is located in a C–4 district near other organizations that provide similar services, including the YWCA, the Salvation Army and the Rescue Mission. Further, the BZA determined that the similarity between the proposed shelter and a hotel makes the use consistent with the Evansville and Vanderburgh County Comprehensive Plan. Thus, we conclude that when the evidence is viewed as a whole, the decision reached by the BZA that the site is an appropriate location for the proposed use under the Zoning Code is not clearly erroneous. Remonstrators claim is merely an at-

tempt to have this court reweigh the evidence, a prerogative we will not exercise on appeal.

Affirmed.

BAKER and RILEY, JJ., concur.