**BOARD OF COMMISSIONERS OF MORGAN COUNTY,**
Appellant–Defendant,

v.

**Keith WAGONER, Appellee–Plaintiff.**

No. 55A04–9710–CV–446.

Court of Appeals of Indiana.

Oct. 5, 1998.

Garrard, J., filed concurring opinion.

Phillip R. Smith, Smith & Gettelfinger, P.C., Martinsville, for Appellant–Defendant.

Dale S. Coffey, McNutt, Hurt & Blue, Martinsville, for Appellee–Plaintiff.

**OPINION**

FRIEDLANDER, Judge.

The Board of County Commissioners of Morgan County (Board of Commissioners) appeals from an order of the trial court granting summary judgment in favor of Keith Wagoner[1] and reinstating Wagoner to his position on the Morgan County Board of Zoning Appeals (Zoning Board). The following restated issues are presented in this appeal:

1. Was this cause of action rendered moot when the county planning and zoning ordinance was repealed and the Zoning Board eliminated?

2. Did the trial court err in determining that due process required that Wagoner be afforded notice and a hearing before he could be removed from the Zoning Board?[2]

We reverse and remand for further proceedings consistent with this opinion.

On January 1, 1996, Wagoner was appointed by the Board of Commissioners to serve a four-year term on the Zoning Board. In a letter dated January 21, 1997, the Board of Commissioners notified Wagoner that it was removing him from the Zoning Board. The letter stated in pertinent part:

Please be advised that under Indiana Code, 36–7–4–218 [sic, Ind.Code Ann. § 36–7–4–906 (West 1997),] the Board of County Commissioners has within their [sic] power the authority to remove individuals serving as appointees of the Board of County Commissioners if the Board finds there is cause for removal. It has been brought to our attention that you, being a member of the Morgan County Board of Zoning Appeals, during the 1996 election solicited political donations from

various individuals. It has been alleged that you did so with remarks indicating that if they did not contribute you might vote in an unfavorable way if they were to appear before the Board of Zoning Appeals.

It is our contention we have cause to remove you from the Morgan County Board of Zoning Appeals and are doing so under the aforementioned Indiana Code.

Please feel free to seek redress through the proper courts if you disagree with the Board's decision.

*Record* at 12. On January 24, 1997, Wagoner initiated this suit by filing with the circuit court an "Appeal of Removal in Accordance with IC 36–7–4–906(f)". *Record* at 9. He later filed, inter alia, a motion for a temporary restraining order.

At a January 30, 1997 hearing on Wagoner's motion for a temporary restraining order, the parties stipulated to the admission of two exhibits: 1) the letter from the president of the Board of Commissioners advising Wagoner that he was being removed from the Zoning Board; and 2) an affidavit of the Morgan County prosecutor stating that he received a request on January 13, 1997 from the Board of Commissioners to investigate alleged wrongdoing by Wagoner related to the solicitation of an election donation from a Morgan County builder. According to the affidavit, because the builder was on a three-week vacation, the prosecutor gave the information to an Indiana State Police investigator with instructions to speak with the builder upon his return from vacation, but, as of the time of the hearing, the investigator had not been able to contact the builder and no formal investigation was commenced.

The trial court denied Wagoner's motion for a temporary restraining order.

---

1. The appellant's brief states that the appellee's last name is "Waggoner". Nonetheless, the appellee's last name appears as "Wagoner" throughout the trial court record, and the appellee identifies himself as "Wagoner" in his appellate brief. We will therefore refer to the appellee as "Wagoner".

2. In light of our resolution of this issue, we need not address the Board of Commissioners claims

that the trial court erred in granting summary judgment in favor of Wagoner on due process grounds because 1) Wagoner failed to file a motion for summary judgment and designate evidence in support of such motion; and 2) the Board of Commissioners argued only the issue of mootness when it moved to dismiss or, alternatively, for summary judgment.

On February 26, 1997, the Board of Commissioners filed a motion to dismiss, alleging that the proceedings were moot because, effective February 24, 1997, the planning and zoning ordinance was repealed and the Zoning Board and the Morgan County Plan Commission were thereby eliminated. Wagoner responded by arguing, inter alia, that the Zoning Board was still in existence in that proper notice to the public was not given of the February 24, 1997 meeting and, consequently, the action taken at that meeting to repeal the zoning ordinance was null and void. The Board of Commissioners filed an amended motion to dismiss, or in the alternative for summary judgment, on March 7, 1997, alleging that, although the trial court had determined in another matter that there was insufficient notice of the February 24, 1997 meeting, the Board of Commissioners properly repealed the planning and zoning ordinance at its regular meeting on March 3, 1997. Wagoner requested a hearing on the Board of Commissioners amended motion to dismiss.

After the hearing was scheduled, Wagoner sought a continuance, alleging that the prosecutor's investigation into his alleged wrongdoing was still ongoing. Wagoner sought to delay the hearing on his appeal in circuit court until the conclusion of the prosecutor's investigation. The trial court granted the continuance, reset the hearing for June 16, 1997, and instructed the parties to file documents with the court relating to whether summary judgment should be granted on the basis of alleged due process violations.

Following the hearing held on June 16, the trial court determined that Wagoner had not been afforded due process before being removed from the Zoning Board and entered an order granting summary judgment in Wagoner's favor. That order stated in pertinent part:

THE COURT NOW FINDS, RULES AND ORDERS AS FOLLOWS:

1. That summary judgment is proper to terminate litigation where there is no genuine issue of material fact and judgment may be determined as a matter of law. . . .

2. That petitioner, Keith Wagoner, was appointed to the Morgan County Board of Zoning Appeals by the Board of County Commissioners of Morgan County in January of 1996, for a four (4) year term;

3. That on January 21, 1997, the Board of County Commissioners of Morgan County removed Petitioner as a member of the Morgan County Board of Zoning Appeals;

4. That the Board of County Commissioners of Morgan County notified petitioner of his removal by a letter dated January 21, 1997 wherein allegations were made that the petitioner solicited political donations under a threat that if individuals would not contribute, he would vote unfavorably on any request that they might bring to the Board of Zoning Appeals;

5. That pursuant to IC 36–7–4–906 each member of the Board of Zoning Appeals is appointed for a four (4) year term and may be removed by the appointing authority for cause. IC 36–7–4–906(a), (f);

6. That the board of zoning appeals does not serve at the pleasure of its appointive authority, rather their term of office is a "fixed tenure" within the meaning of the law. As such, they are not subject to removal except for cause and then only after a hearing on proper notice. . . . . ;

7. That procedural due process requires that the petitioner, Keith Wagoner, be given proper notice of the reason for the termination and an opportunity to be heard by the Board of Commissioners (if he wishes) before his removal from office;

8. That since the evidence in this case fails to show that the petitioner was afforded due process before removal, then the petitioner, Keith Wagoner, shall be reinstated to his appointive position on the Morgan County Board of Zoning Appeals;

9. This ruling in no way addresses the rights, duties or responsibilities of those persons, including Mr. Wagoner, who might have a term of office which would extend beyond any date of any reenacted planning or zoning ordi-

nances should planning and zoning be reenacted by the Board of Commissioners of Morgan County.

Based on the foregoing, the Respondent's "Motion to Dismiss and in the Alternative for Summary Judgment" is hereby DENIED and the Court enters summary judgment in favor of the petitioner, Keith Wagoner, and against the respondents, Board of County Commissioners of Morgan County.

*Record* at 127–28 (citations omitted).

1.

The Board of Commissioners argues that this cause of action was rendered moot when the county planning and zoning ordinance was repealed and the Zoning Board eliminated.

■ An issue is generally deemed to be moot when the case is no longer live and the parties lack a legally cognizable interest in the outcome of its resolution or where no effective relief can be rendered to the parties. *City of Evansville v. Zirkelbach,* 662 N.E.2d 651 (Ind.Ct.App.1996), *trans. denied.* Nonetheless, even when an appeal is moot and no practical remedy is available to the parties, we can review issues under the public interest exception, which may be invoked when the case involves a question of great public importance which is likely to recur. *Id.*

■ Although there is no practical remedy available to Wagoner because the Zoning Board no longer exists, we are convinced that sound public policy requires that we review the issues raised in this appeal under the public interest exception. Here, after Wagoner was removed from the Zoning Board by the Board of Commissioners and pursued the only avenue provided by statute for appeal of his removal, *i.e.,* he filed suit in the circuit court, the Board of Commissioners repealed the zoning and planning ordinance, effectively eliminating the Zoning Board. Thus, while retaining the power to reenact a zoning and planning ordinance in the future, the Board of Commissioners left Wagoner with no practical remedy even if he were to prevail in his appeal to the courts. If we were to decline to review this case on the basis that the issues raised are moot, Wagoner would be denied the right provided by IC § 36–7–4–906(f) to an appeal of his removal from the Zoning Board.

2.

Although the trial court was correct in not finding Wagoner's appeal moot, it did err in determining that due process required that Wagoner be afforded notice and a hearing before he could be removed from the Zoning Board. The statute which deals with removal of a member of a board of zoning appeals, IC § 36–7–4–906(f), provides in pertinent part:

> The appointing authority may remove a member from the board of zoning appeals for cause. The appointing authority must mail notice of the removal, along with written reasons for the removal, to the member at his residence address. A member who is removed may, within thirty (30) days after receiving notice of the removal, appeal the removal to the circuit or superior court of the county.

■ It is well established that administrative entities, such as boards, agencies, and officers of such boards and agencies, are creatures of statute and therefore have only such power and authority as are conferred upon them by statutory enactment. *Howell v. Indiana–American Water Co.,* 668 N.E.2d 1272 (Ind.Ct.App.1996), *trans. denied; Adkins v. City of Tell City,* 625 N.E.2d 1298 (Ind.Ct.App.1993); *Vehslage v. Rose Acre Farms, Inc.,* 474 N.E.2d 1029 (Ind.Ct.App. 1985).

■ Here, IC § 36–7–4–906(f) authorizes a removed member of a board of zoning appeals to appeal such removal to the circuit or superior court of the county. It provides how and where notice of removal must be given but does not confer any right to a hearing before removal. Rather, the only right conferred upon a removed member is to an appeal before the circuit or superior court of the county. Accordingly, the trial court erred in determining that procedural due process required that Wagoner be given an opportunity to be heard by the Board of Commissioners before his removal from office and in granting summary judgment in

Wagoner's favor on that basis and ordering his reinstatement to the Zoning Board.

We remand this case to allow the trial court to conduct Wagoner's appeal in accordance with IC § 36–7–4–906 and determine the propriety of Wagoner's removal from the Zoning Board.

Judgment reversed and remanded.

RUCKER, J., concurs.

GARRARD, J., concurs with separate opinion.

GARRARD, Judge, concurring.

It seems to me that as a practical matter Judge Harris' approach, which would have imposed upon the Commissioners the obligation of a due process hearing, has much to commend it. I must agree, however, with the majority that the statute does not appear to contemplate any hearing by the Board. Perhaps the Legislature did not wish the Board, itself, to conduct hearings for the removal of zoning board members. In any event, the statute provides for appealing the removal to the circuit or superior court.

Thus, to me the issue becomes that of who bears the burden of proof in the proceeding before the Board. Since the statute requires that removals be for cause but permits the Board to remove a member by mailing notice stating the reasons for removal, it would appear that upon appeal to the circuit or superior court the burden of proof must rest upon the Board of County Commissioners to establish that removal was for cause and for one or more of the reasons specified in the notice. I would hold this to be so because the Board may only remove for cause, and the appeal to the circuit or superior court is the first opportunity for any hearing to establish cause.

In all other respects I concur with the majority.