SOUTHLAKE COMMUNITY MENTAL HEALTH CENTER, INC., and Watertower South, Inc., Appellants/Petitioners,

v.

BOARD OF ZONING APPEALS OF THE CITY OF CROWN POINT, Indiana, Appellee/Respondent,

and

Feather Rock Professional Office Park POA, Inc., and Feather Rock Property Owners Association, Inc., Appellees/Intervenors.

No. 45A03–1002–MI–81.

Court of Appeals of Indiana.

Oct. 15, 2010.

Jon Laramore, Trina K. Taylor, Baker & Daniels LLP, Indianapolis, IN, Attorneys for Appellants.

William L. Touchette, Joseph S. Irak, Merrillville, IN, Attorneys for Appellee Board of Zoning Appeals of the City of Crown Point, Indiana.

James L. Wieser, Wieser & Wyllie, LLP, Attorney for Appellees Feather Rock Professional Office Park POA, Inc., and Feather Rock Property Owners Association, Inc.

## OPINION

BRADFORD, Judge.

Appellants/Petitioners Southlake Community Mental Health Center, Inc., ("Southlake") and Watertower South, Inc., ("Watertower") appeal from the trial court's determination that Appellee/Respondent the Board of Zoning Appeals of the City of Crown Point ("the BZA") correctly concluded that their proposed use of a certain parcel was inappropriate for the parcel's zoning classification. Concluding that the original appeal of the Crown Point Plan Commission's decision by Appel-lees/Intervenors Feather Rock Professional Office Park POA, Inc., and Feather Rock Property Owners Association, Inc. (collectively, "the POAs") was untimely, we reverse the judgment of the trial court and remand with instructions.

## FACTS

Southlake, of which Watertower is a subsidiary, is the owner of an undeveloped lot ("the Lot") on South Feather Rock Drive in Crown Point which is zoned as Office Service, or OS–1. Watertower was organized for the purpose of eventually taking title to and developing the Lot, which the Appellants intend will be the site of a fifteen-unit supportive housing unit for mentally ill patients. Among the permitted uses for land zoned OS–1 are "Sanitariums[,]" "Convalescent Homes[,]" and "Other similar uses[.]" Appellant's App. p. 299.

On April 21, 2008, Watertower applied to the Crown Point Plan Commission for site development plan approval for "Supported Housing[.]" Appellant's App. p. 147. Watertower's application was discussed at a public Plan Commission meeting on May 12, 2008, at which the POAs objected to the proposal and after which the Plan Commission approved the application.

On July 21, 2008, the POAs submitted a petition to appeal the Plan Commission's determination to the BZA. On July 30, 2008, Planning Administrator Steve Nigro sent a letter explaining that the appeal would not be filed as it was not filed within thirty days of the Plan Commission's decision. On August 20, 2008, well after the thirty-day deadline had passed, Nigro issued another letter, presumably to the POAs or their representatives, purporting to "serve as an official written decision wherein the Community Development staff and the City of Crown Point have deter-

mined that the petition filed by Water Tower South is determined to fit within the City of Crown Point's Zoning Ordinance." Appellant's App. p. 187. Nigro's letter also explained that any aggrieved parties had thirty days to appeal the decision.

On September 18, 2008, the POAs filed what they styled an appeal from Nigro's decision regarding Watertower's proposed use of the Lot. On October 27, 2008, the BZA found in favor of the POAs and determined that Watertower's proposed use was not allowed on land zoned OS–1. On November 12, 2008, Appellants filed a petition for writ of certiorari in Lake Circuit Court, which the trial court denied on November 24, 2009. On January 22, 2010, the trial court denied Appellant's motion to correct error.

## DISCUSSION AND DECISION

### Whether the Appellees' Appeal of the Plan Commission's Decision was Timely

Appellants contend, *inter alia*, that the POAs failed to perfect a timely appeal of the Plan Commission's decision regarding the Lot. In construing a city ordinance, we use the same methods of interpretation that apply to statutes. *City of Evansville v. Zirkelbach*, 662 N.E.2d 651, 653 (Ind.Ct. App.1996). We look first to the plain language of the ordinance and, if unambiguous, give effect to its plain meaning. *Indpls. Historic Partners v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1224, 1227 (Ind. Tax Ct.1998).

■ Crown Point's zoning ordinances detail the proper procedure for requesting approval for a site development plan and for the appeal of the decision following the request: "The Plan Commission must approve or disapprove Site Development Plans in all Business, [OS–1] and Highway Service Zoning Districts." Crown Point Zoning Code § 150.25(A) (2007). "The Plan Commission shall review each development plan to determine if it is consistent with the comprehensive plan and the Crown Point Development Guideline, and meets all Zoning and Subdivision Ordinance requirements." *Id.* § 150.25(D). "The Plan Commission approval or disapproval of a development is a final decision of the commission that may be reviewed only as provided in I.C. 36–7–4–1016." *Id.* § 150.25(G).

Indiana Code section 36–7–4–1016 (2007) provides in part as follows: "The following decisions of the plan commission may be reviewed by certiorari procedure in the same manner as that provided for the appeal of a decision of the board of zoning appeals: . . . (3) A final decision under the 1400 series of this chapter (development plans)."

Each decision of the [plan commission] is subject to review by certiorari. Each person aggrieved by a decision of the [plan commission] may file with the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality. No change of venue from the county in which the premises affected are located may be had in any cause arising under this section.

Ind.Code § 36–7–4–1003(a) (2007). Certiorari petitions appealing decisions of the plan commission, subject to conditions not applicable here, must be filed within thirty days of the decision. Ind.Code § 36–7–4–1003(b)–(d).

In summary, the Appellants' site development plan for the Lot had to be approved by the Crown Point Plan Commission, and, as the Appellants point out, anyone wishing to challenge the commis-

sion's decision would have to file a certiorari petition in Lake Superior or Circuit Court within thirty days. Such a filing, however, never took place.

■ Moreover, we have little trouble concluding that Nigro's August 20, 2008, letter did not provide the POAs with another opportunity to appeal the Plan Commission's decision. The letter was merely a restatement of the Plan Commission's earlier decision, and we are unprepared to rule that a letter from an administrator is all that is required to revive appellate rights that have been waived. In any event, even if we *did* consider the letter to be a "new" decision of the Plan Commission, the appeal was still pursued in the wrong place; under the applicable ordinances, the BZA simply has no authority to hear appeals from the Plan Commission. Crown Point Zoning Code § 150.25(G). The POAs failed to file a certiorari petition in Lake Superior or Circuit Court within thirty days of the Plan Commission's decision, as required by statute and ordinance. We therefore reverse the judgment of the trial court and remand with instructions to grant Appellants' certiorari petition.

We reverse the judgment of the trial court and remand with instructions.

DARDEN, J., and BROWN, J., concur.