Jeffrey S. HOWELL, Julie Howell, Stanley S. Howell, Gerald W. Sprinkle, Carla K. Sprinkle, Andrew Rentsch, Christine Rentsch, Gerald Lewis and Gloria Lewis, Appellants–Defendants,

v.

INDIANA–AMERICAN WATER COMPANY, INC., Appellee–Plaintiff.

No. 63A01–9602–CV–68.

Court of Appeals of Indiana.

July 31, 1996.

---

Leslie C. Shively, Shively & Kent, Evansville, for Appellants.

Daniel W. McGill, Jan M. Carroll, Nicholas K. Kile, Barnes & Thornburg, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jeffrey S. Howell, Julie Howell, Stanley S. Howell, Gerald W. Sprinkle, Carla K. Sprinkle, Andrew Rentsch, Christine Rentsch, Gerald Lewis and Gloria Lewis ("the Landowners") appeal from the trial court's grant of summary judgment in favor of Indiana–American Water Company, Inc. ("Indiana–American").

We affirm.

### ISSUE

The sole issue presented for our review is whether the trial court erred when it determined as a matter of law that the local zoning regulation does not apply to Indiana–American's proposed water storage tank.

### FACTS

Indiana–American is a public utility[1] which furnishes water to the town of New-

1. A "public utility" includes "every corporation, company, partnership, limited liability company,

burgh located in Warrick County. The Comprehensive Zoning Ordinance adopted by Warrick County provides that public utilities are subject to local zoning regulation. Indiana–American wanted to construct an elevated water storage tank on property it leased that was zoned for agricultural use and, thus, petitioned the Warrick County Board of Zoning Appeals ("BZA") for a special exception to its zoning ordinance. On April 26, 1995, the BZA denied Indiana–American's petition. Indiana–American then sought declaratory and injunctive relief in the trial court, asserting that it was not subject to local zoning regulation. Indiana–American named Warrick County, Indiana; the Warrick County Area Planning Commission; the Warrick County Board of Zoning Appeals; Cornell Excavating, Inc. (owner of leased land); and surrounding landowners as defendants.[2]

The Landowners moved to dismiss the complaint, and Indiana–American moved for summary judgment. After conducting a hearing on the pending motions, the trial court granted summary judgment in favor of Indiana–American and permanently enjoined the defendants from seeking to enforce the zoning ordinance against Indiana–American's proposed water storage tank. The Landowners then filed a motion to correct error which the trial court denied. The Landowners now appeal.

## DISCUSSION AND DECISION

### Standard of Review

Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Terra–Products, Inc. v. Kraft General Foods, Inc.*, 653 N.E.2d 89, 91 (Ind.Ct.App. 1995), *trans. denied.* The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of

law. *Terra–Products, Inc.*, 653 N.E.2d at 91. The trial court's grant of summary judgment is clothed with a presumption of validity and the appellant bears the burden of proving that the trial court erred. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993) (citation omitted). When reviewing a motion for summary judgment, we apply the same standard utilized by the trial court, and we resolve any doubt as to a fact, or an inference to be drawn therefrom, in favor of the party opposing summary judgment. *Gilliam v. Contractors United, Inc.*, 648 N.E.2d 1236, 1238 (Ind.Ct.App.1995), *trans. denied.*

### Local Zoning Regulation

The Landowners contend that the trial court erred when it entered summary judgment in favor of Indiana–American. Specifically, the Landowners argue that Indiana–American did not have the right to challenge the applicability of the local zoning ordinance after it had voluntarily submitted itself to the BZA'a authority. We must disagree.

The supreme court has held that the location of a public utility's facilities is not subject to local zoning ordinances. *Graham Farms, Inc. v. Indianapolis Power & Light Co.*, 249 Ind. 498, 233 N.E.2d 656 (1968). *Graham Farms* involved the condemnation of land on which Indiana Power & Light Company ("IPL") wanted to construct a transmission line. The subject property was located within two miles of the corporate limits of the City of Washington in Daviess County, and the transmission line was to carry electricity from a generating station in Pike County to service territory in and around Marion County. The City of Washington intervened and asserted that its zoning ordinance prohibited the use of the land for a transmission line without permission from the City's Board of Zoning Appeals. IPL neither applied for nor was granted that permission. In holding that the local zoning ordinance was inapplicable to IPL's location of utility property, the court stated:

individual, association of individuals ... that may own, operate, manage, or control any plant or equipment within the state for the ... production, transmission, delivery or furnishing of ... water...." IND. CODE § 8–1–2–1(a).

**2.** Nine of the defendant landowners join in this appeal (the "Landowners").

The 1947 statute [authorizing local zoning ordinances] does not specifically provide, and it cannot be assumed that the legislature would authorize, a municipality or a county to regulate a public utility when the utility is serving the larger interest in the general public. The utility is regulated by the Public Service Commission, and local regulation is inimical to that larger interest.

*Id.* at 516, 233 N.E.2d at 666.[3]

This court followed *Graham Farms* in *Darlage v. Eastern Bartholomew Water Corp.*, 177 Ind.App. 425, 379 N.E.2d 1018 (Ind.Ct.App.1978), *trans. denied.* In *Darlage,* the Eastern Bartholomew Water Corporation, a public utility, applied to the Bartholomew County Board of Zoning Appeals for a conditional use permit. The board attached a condition to approval of the project, namely, that the real estate be platted as required by the relevant ordinance. However, the County Plan Commission denied the utility's request for plat approval. The utility proceeded with construction of the project, and after the building commissioner posted a stop work order on the property, the utility filed an action to enjoin the commissioner from interfering with its construction.

■ We held that the utility was not subject to the local zoning and building authorities with respect to the location and use of utility facilities within the county. *Id.* at 431, 379 N.E.2d at 1021. Quoting *Graham Farms,* this court noted:

> "It was to relieve public utilities from the burden of local regulation that the legislature created the Public Service Commission.
>
> \* \* \* \* \* \*
>
> The Public Service Commission Act provides:

'The commission ... shall have the power, and it shall be its duty, to enforce the provisions of this act, as well as *all other laws,* relating to utilities.' "

*Id.* at 428–29, 379 N.E.2d at 1020 (quoting *Graham Farms,* 249 Ind. at 516, 233 N.E.2d at 666) (citation to former Code omitted; current citation at IND. CODE § 8–1–2–115). Specifically, we recognized that the commission would have jurisdiction over a proper complaint relating to the location of utility facilities. *Id.* at 429, 379 N.E.2d at 1020 (citing *Graham Farms,* 249 Ind. at 517, 233 N.E.2d at 667 and IND. CODE § 8–1–2–54). Here, as in *Graham Farms* and *Darlage,* Indiana–American is not subject to the local zoning authorities in this matter.[4]

■ Still, the landowners rely on *Bradley v. Bankert,* 616 N.E.2d 18 (Ind.Ct.App.1993), *trans. denied,* for their position that, because Indiana–American voluntarily submitted to the authority of the BZA, it should now be estopped from denying that agency's authority. We must disagree. In *Bradley,* we held that applicants for an improvement location permit were estopped from contesting the legality of procedures established by the zoning ordinance where the applicants had attempted to avail themselves of the procedure to which they later objected, and where the applicants had the opportunity to contest the actions of the board but failed to do so. *Id.* at 23. However, *Bradley* is inapposite as it did not involve the power of the BZA to hear a case.

■ Administrative agencies such as the BZA are created by the legislature, and their powers are strictly limited to those granted by their enabling statutes. *Id.* at 22. Thus, a party cannot confer jurisdiction upon an administrative agency by consent or agreement. *See Gorman v. Northeastern REMC,* 594 N.E.2d 843, 844 (Ind.Ct.App.1992) (subject matter jurisdiction must be derived from Constitution or statute), *opinion clarified on*

---

**3.** The Public Service Commission has been renamed the Indiana Utility Regulatory Commission ("IURC"). *See* IND. CODE § 8–1–1–7.

**4.** The Landowners also assert that Indiana–American should have appealed the BZA's decision under Indiana Code § 36–7–4–1000 *et seq.* As in *Darlage,* Indiana–American could have be-

gun construction and petitioned for an injunction if the town or county had intervened. *Darlage,* 177 Ind.App. at 427, 379 N.E.2d at 1019. Indiana–American's failure to appeal the decision via a writ of certiorari pursuant to Indiana Code § 36–7–4–1003 is not fatal to its claim.

*denial of rehearing by,* 597 N.E.2d 366 (Ind. Ct.App.1992), *trans. denied.* Any act of an agency in excess of its power is *ultra vires* and void. *See Anderson Lumber & Supply Co. v. Fletcher,* 228 Ind. 383, 390, 89 N.E.2d 449, 452 (1950).

We hold as a matter of law that as a public utility Indiana–American was not subject to the authority of the Warrick County zoning authorities with respect to the location of a utility facility within the county. The BZA's denial of Indiana–American's special exception was of no legal consequence. Further, Indiana–American is not estopped from asserting that lack of authority in a declaratory judgment action. The trial court properly entered summary judgment in favor of Indiana–American.

Affirmed.

BAKER and BARTEAU, JJ., concur.