**GEORGETOWN BOARD OF ZONING APPEALS and Nicholas M. Romeo, Appellant–Respondents,**

v.

**John C. KEELE, et al., Appellee–Petitioners.**

No. 22A01–0005–CV–147.

Court of Appeals of Indiana.

Jan. 25, 2001.

Michael G. Naville, Lorch & Naville, LLC, Steven A. Gustafson, Fox & Cotner, New Albany, IN, Attorneys for Appellant.

John A. Kraft, Young, Lind, Endres & Kraft, New Albany, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Nicholas M. Romeo[1] appeals the trial court's grant of summary judgment in favor of John C. Keele and 145 other residents of Floyd County, Indiana ("Keele"). Romeo presents three issues for our review, which we consolidate and restate as whether the trial court erred when it granted summary judgment based on a finding that the Georgetown's Board of Zoning Appeals (GBZA) did not have subject matter jurisdiction over Romeo's peti-

tion for a use variance.[2] We reverse and remand.

The relevant facts follow. Romeo purchased a tract of land that was less than two miles outside the city of Georgetown, in Floyd County, Indiana. Romeo wanted to build multi-family housing units on the land, but he was prohibited from doing so by the fact that the land was zoned for agricultural use. Romeo petitioned for a use variance from the GBZA on June 25, 1999. The GBZA held a public hearing on July 26, 1999, and approved Romeo's variance on August 23, 1999.

Keele filed a petition for writ of certiorari in the Floyd Circuit Court on August 22, 1999, to challenge the GBZA's grant of the variance. In the petition, Keele argued, among other things, that the use variance was invalid because the GBZA did not have jurisdiction over Romeo's land because it was outside Georgetown's city limits. Keele thereafter filed a motion for summary judgment based on the GBZA's alleged lack of subject matter jurisdiction over Romeo's land. Along with the motion for summary judgment, Keele filed a "Motion for the Court to Consider Supplemental Evidence" pursuant to Ind.Code § 36–7–4–1009[3] and submitted evidence regarding the GBZA's lack of jurisdiction over Romeo's land. Romeo and Georgetown filed motions in opposition to Keele's motions. After a hearing on the motion for summary judgment, the trial court found that the GBZA did not have subject matter jurisdiction over Romeo's land, and therefore, the trial court granted Keele's motion for summary judgment.

The sole issue is whether the trial court erred when it granted summary judgment in favor of Keele based on a finding that

---

1. Georgetown did not file an appellant's brief; therefore, Romeo alone contests the trial court's grant of summary judgment.

2. A use variance is "a variance permitting a use other than that permitted in [a] particular district by zoning ordinance." BLACK'S LAW DICTIONARY 1553 (6th ed.1990).

3. Ind.Code § 36–7–4–1009 provides, in pertinent part, "[i]f the court determines that testimony is necessary for the proper disposition of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but the review may not be by trial de novo." Ind.Code § 36–7–4–1009.

the GBZA did not have subject matter jurisdiction over Romeo's petition for a use variance. When we review a trial court's grant of summary judgment, we apply the same standard that the trial court applied. *Howell v. Indiana–American Water Co.*, 668 N.E.2d 1272, 1274 (Ind.Ct.App.1996), *trans. denied.* "Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing Ind. Trial Rule 56(C)). The trial court's grant of summary judgment is presumed to be valid, and the appellant has the burden of demonstrating that the trial court erred. *Id.* We resolve all doubts about facts, or inferences therefrom, in favor of the party that opposed summary judgment. *Id.* If, as here, the trial court order lists specific findings and conclusions, we are not bound by the findings and conclusions. *T.W. Thom Const., Inc. v. City of Jeffersonville*, 721 N.E.2d 319, 323 (Ind.Ct.App.1999). Instead, we may affirm on any ground or theory supported by the record. *Id.*

■ The trial court granted Keele's motion for summary judgment on the basis that the GBZA did not have subject matter jurisdiction over Romeo's land. Subject matter jurisdiction is "the power of [a tribunal] to hear and to determine a general class of cases to which the proceedings before it belong." *Santiago v. Kilmer*, 605 N.E.2d 237, 239–240 (Ind.Ct.App.1992) (citing *Harp v. Indiana Dept. of Highways*, 585 N.E.2d 652, 659 (Ind.App.1992)), *reh'g denied, trans. denied.* A tribunal receives subject matter jurisdiction over a class of cases only from the constitution or from statutes. *Id.* at 240. A party can never waive the issue of subject matter jurisdiction. *Id.*

■ Romeo contends that the trial court erred in granting summary judgment because the question of whether or not the GBZA is authorized to grant a use variance for his land is not an issue of subject matter jurisdiction, but an issue of jurisdiction over the case. Jurisdiction over a case is "the right, authority, and power to hear and determine a specific case within that class of cases over which a court has subject matter jurisdiction." *Id.* at 241. A judgment by a court without jurisdiction over a case is voidable. *Id.* However, unlike subject matter jurisdiction, a party waives the issue of jurisdiction over a specific case by not raising that issue in a timely manner. *Id.* Here, Romeo asserts that the GBZA's jurisdiction over Romeo's land was an issue of jurisdiction over the case and that, consequently, Keele waived judicial review of the issue by not raising it before the GBZA at the hearing on July 26, 1999. Accordingly, the threshold issue is whether the Board's authority over Romeo's land is an issue of subject matter jurisdiction or an issue of jurisdiction over the case.

■ Keele argued, and the trial court found, that the GBZA could not have subject matter jurisdiction over Romeo's land, which was within two miles of Georgetown's boundary, until specific statutory requirements were met. As background information, we note that Ind.Code § 36–7–4–901(e) provides, in pertinent part, that "a board of zoning appeals has territorial jurisdiction over all the land subject to the zoning ordinance" and that Ind.Code § 36–7–4–205[4] provides that, in their municipal plans, municipal plan commissions can include land that lies within two miles of the boundary of the municipality ("the two mile fringe") if the land is unincorporated and if the land's development "bears [a] reasonable relation to the development of the municipality." Ind.Code §§ 36–7–4–901(e), 36–7–4–205(b). Keele specifically argued that Ind.Code § 36–7–4–205(c) prevented Georgetown from having subject

---

4. We note that Ind.Code § 36–7–4–205 was amended in 1999. *See* Ind.Code Ann. § 36–7–4–205 (2000). As subsections b, c, and e of that statute were not changed, the amendment does not alter our analysis.

matter jurisdiction because that statute requires that before the municipal plan commission can exercise any "rights, powers, and duties" over the two mile fringe, the municipal plan commission must file a description or map of the area with the recorder of the county. Ind.Code § 36–7–4–205(c). In addition, Keele argued that, pursuant to Ind.Code § 36–7–4–205(e), if the two mile fringe at issue is already included in a comprehensive plan of the county, then the municipal plan commission may not exercise jurisdiction over the two mile fringe until the municipality is authorized to do so by a county ordinance. Ind.Code § 36–7–4–205(e). Keele alleged that Georgetown had not met the requirements for these two statutes and that, therefore, Georgetown did not have jurisdiction over Romeo's petition for a use variance.

Based on these statutes cited by Keele and a previous court of appeals decision, *Santiago,* the trial court held that the issue of Georgetown's jurisdiction was one of subject matter jurisdiction. *Santiago* involved a medical malpractice action against health care providers. *Santiago,* 605 N.E.2d at 238. Before a medical review panel rendered an opinion about whether the health care providers had given appropriate care to a patient, the trial court granted summary judgment to the health care providers based upon a finding of fact that the standard of care had been appropriate. *Id.* at 238–239. In our review of the trial court's decision, we set out the test for whether a tribunal had subject matter jurisdiction, which is "whether the claim falls within the general scope of authority conferred upon such court by the constitution or by statute." *Id.* at 240. Based on this test, we held that the trial court did not have subject matter jurisdiction over the malpractice action because the Medical Malpractice Act specifically provides that no court has jurisdiction over a malpractice action until a medical review panel has heard the complaint and has rendered an opinion. *Id.* (citing Ind.Code §§ 16–9.5–1–6, 16–9.5–9–2).

The trial court's analogy of the present case to *Santiago* was as follows:

> ... the [Appellate] Court in [*Santiago*] determined there existed a condition precedent (a medical review panel) before subject matter jurisdiction vested in the Circuit Court. Likewise, in this cause, a condition precedent existed before the Board of Zoning Appeals of the Town of Georgetown was vested with subject matter jurisdiction. That condition precedent was that the Town of Georgetown comply with the statutory requirements to expand its jurisdiction into the two (2) mile fringe.

Record, p. 399.

We do not find the analogy of *Santiago* to this case compelling. According to *Santiago,* a trial court never has subject matter jurisdiction of a medical malpractice case until the case is reviewed by a medical review panel because until then the case does not "fall within the general scope of authority conferred upon such court by the constitution or by statute." *Santiago,* 605 N.E.2d at 240. However, in this case, Ind.Code § 36–7–4–918.4 provides that "[a] board of zoning appeals shall approve or deny variances of use from the terms of the zoning ordinance...." Ind.Code § 36–7–4–918.4. Thus, Indiana statutory law expressly gives a board of zoning appeals the power to grant a use variance generally. *Schlehuser v. City of Seymour,* 674 N.E.2d 1009, 1014 (Ind.Ct.App.1996). Therefore, the GBZA had subject matter jurisdiction over Romeo's petition for a use variance because "the claim falls within the general scope of authority conferred upon such court by the constitution or by statute." *Santiago,* 605 N.E.2d at 240.

We are guided by *Board of Trustees v. City of Fort Wayne,* in which Fort Wayne questioned whether the Allen County Board of Commissioners had jurisdiction over an annexation petition filed by the City of New Haven. *Board of Trustees v. City of Fort Wayne,* 268 Ind. 415, 375 N.E.2d 1112 (1978), *reh'g denied.* Our

supreme court noted that the court of appeals erred by not distinguishing between subject matter jurisdiction and jurisdiction over the case and then held that because the Allen County Board of Commissioners ("Board") had subject matter jurisdiction over annexation petitions in general, they had subject matter jurisdiction over the petition filed by the City of New Haven. *Id.* at 1117–1118. The supreme court then remanded the case to the trial court for consideration of whether the Board had jurisdiction over New Haven's specific annexation petition. *Id.*

■ Similarly, here, the GBZA had subject matter jurisdiction over variance petitions generally; therefore, the GBZA had subject matter jurisdiction over Romeo's petition.[5] *See, e.g., id.* In order for Keele to challenge the jurisdiction of the GBZA over Romeo's petition on the basis that the statutory requirements had not been met, Keele would have had to raise the objection initially with the GBZA. The record reveals no such objection was made to the GBZA. In fact, to the extent that jurisdiction was touched upon by the opponents of Romeo's petition, it was recognized that the GBZA did have jurisdiction. Therefore, the Keele's objection to the GBZA's jurisdiction over Romeo's petition was waived.

For the foregoing reason we reverse the grant of summary judgment for Keele and remand to the trial court for further proceedings.

Reversed and remanded.

BAKER, J. and VAIDIK, J. concur.

---

5. Keele cites *Howell* in support of his argument that the GBZA did not have subject matter jurisdiction over Romeo's petition for a use variance. *Howell,* 668 N.E.2d 1272. In *Howell,* the Warrick County BZA had denied a public utility's (the Utility) request for a special exception from the county zoning ordinance. *Id.* at 1274. The Utility sought relief from the trial court based on an argument that public utilities are not subject to local zoning ordinances. *Id.* Howell, a local landowner, claimed that the Utility had waived this argument by voluntarily submitting itself to the authority of the BZA. *Id.* The trial court entered summary judgment in favor of the Utility and enjoined Howell from trying to enforce the zoning ordinance against the Utility. *Id.* Because our supreme court had previously held that, by statute, public utilities are never subject to local zoning ordinances,

we held that the Utility had not waived its jurisdictional argument and we affirmed the summary judgment favoring the Utility. *Id.* at 1276.

We find *Howell* inapposite to the situation here. Because public utilities are never subject to local zoning ordinances, their petitions would be "a general class of cases" over which municipal BZA's would not have authority; therefore, a municipal BZA would never have subject matter jurisdiction. *Santiago,* 605 N.E.2d at 239–240; *see Howell,* 668 N.E.2d at 1276. However, private landowners who are requesting a use variance from a municipal zoning ordinance generally are subject to local zoning ordinances. *See* I.C. § 36–7–4–918.4. Therefore, the GBZA had subject matter jurisdiction. *See, e.g., Board of Trustees,* 375 N.E.2d at 1117–1118.