Stephen J. MALONE, Elkhart County Auditor, Appellant–Defendant,

Board of Commissioners of Elkhart County, Appellant–Defendant,

v.

Robert PRICE, Concord Township Assessor, Appellee–Plaintiff.

No. 57A04–0010–CV–449.

Court of Appeals of Indiana.

Sept. 11, 2001.

Gordon Lord, Bodie J. Stegelmann, Yoder, Ainlay, Ulmer & Buckingham, LLP, Goshen, IN, Attorneys for Appellants.

Nancy A. McCaslin, James L. McCaslin, McCaslin & McCaslin, Elkhart, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Stephen J. Malone, the Elkhart County Auditor, and the Board of Commissioners of Elkhart County (collectively the County) appeal the grant of summary judgment in favor of Robert Price, the Concord Township Assessor, ordering the County to pay his expenses. Specifically, the County argues that Price failed to properly file his Writ of Mandamus and his Request for Declaratory Judgment, that Price filed claims under Appropriation Fund # 107 (Fund # 107) that did not fit the purpose of the appropriation, and that he failed to follow the proper procedure when purchasing his telephone and data line services. We find that Price properly requested declaratory relief. We further find that the trial court did not err in granting summary judgment to Price when his expense claims were for the purpose appropriated and he was not obligated to follow the County's purchasing procedure. Therefore, we affirm the trial court.[1]

### Facts and Procedural History

Indiana Code § 6–1.1–4–4 requires a general reassessment of all real property in Indiana every four years beginning in 1999. Indiana Code § 6–1.1–4–27 mandates that each county maintain a property reassessment fund from which appropriations shall be made to pay certain expenses of the general reassessments. *See also* Ind.Code § 6–1.1–4–28 (listing permissible uses of money assigned to property reassessment fund). Price is the assessor of Concord Township located in Elkhart County, Indiana. He submitted a request for $3,550.00 to be appropriated to the Reassessment Fund for "monthly telephone and data line charges for reassessment for 1999 at High Street Building." Record at 30. The Elkhart County Council approved Price's request for the additional appropriation to the Reassessment Fund as Fund # 107. However, Price decided to have his office at his personal residence and not at the High Street building.

Price filed claims against Fund # 107 with Stephen J. Malone, the Elkhart County Auditor, for a total of $1,074.54. Malone submitted these claims to the Elkhart County Board of Commissioners for approval. When the Commissioners realized that Price's claims involved a telephone line placed in his personal residence and not at the High Street Building, which Elkhart County owned, the Commissioners withheld payment.

Before Price placed the telephone line in his home, the County enacted Purchasing Ordinance 98–601 (Ordinance 98–601) to govern the county's spending. This ordi-

---

1. Price filed a Motion to Strike the Appellant's Appendix to their reply brief because it contains evidence not in the record. The appendix contains two different Census ta- bles. Because we grant Price's motion, we do not consider this evidence in reaching our decision.

nance requires that any purchase of a telephone system, covered by the ordinance, be coordinated and approved by the Commissioners. Price did not coordinate with the Commissioners nor did he obtain written authorization from them when he purchased and installed the telephone system in his house.

Price filed a Petition for Mandamus and a Request for Declaratory Judgment on January 11, 2000. He asked that the trial court direct Malone and the Commissioners to issue warrants for his claims·and define the rights and duties of the County. The County filed a motion to dismiss with an alternative motion for summary judgment claiming Price failed to follow the procedural requirements for filing a petition for mandamus and request for declaratory judgment and that it had properly denied these claims.

Subsequently, the parties stipulated that the motion filed by the County would be treated as a summary judgment motion. Price then filed his response without designating any evidence to support his response. After the County's reply, the court held a hearing on the summary judgment motion. The trial court entered its Order denying the County's motion for summary judgment and granting summary judgment to Price. This appeal ensued.

## Discussion and Decision

The County argues that the trial court erred in granting summary judgment to Price, thereby wrongfully ordering ·the County to pay his claims. The County alleges that: (1) Price did not comply with the statutory requirements for filing an order of mandate and failed to follow the requirements for a declaratory judgment; (2) there are no facts to support the conclusions that Price's work expenses were for the specific purpose authorized by the appropriation; and (3) Price did not follow Ordinance No. 98–601 requiring network purchases to be first authorized by the Commissioners. We address each argument in turn.

■ When we review a trial court's grant of summary judgment, we apply the same standard that the trial court applied. *Georgetown Bd. of Zoning Appeals v. Keele,* 743 N.E.2d 301, 303 (Ind.Ct.App. 2001) (citing *Howell v. Indiana–American Water Co.,* 668 N.E.2d 1272, 1274 (Ind.Ct. App.1996), *trans. denied* ). "Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing Ind. Trial Rule 56(C)). The trial court's grant of summary judgment is presumed to be valid, and the appellant has the burden of demonstrating that the trial court erred. *Id.* We resolve all doubts about facts, or inferences therefrom, in favor of the party that opposed summary judgment. *Id.* If, as here, the trial court's order lists specific findings and conclusions, we are not bound by the findings and conclusions. *Id.* Instead, we may affirm on any ground or theory supported by the record. *Id.*

### I. Action for Mandate and Declaratory Judgment

■ The County argues that Price failed to follow the statutory requirements in filing his Petition for Writ of Mandamus and his Request for Declaratory Judgment. Specifically, in its Motion for Summary Judgment, the County alleged that Price failed to bring the action in the name of the state on relation of himself, did not file a verified petition, and did not plead facts to establish that he is entitled to a mandate. Further, the County contends that Price's Request for Declaratory Judgment is deficient in that it does not recite the statute or ordinance he wished to be construed by the trial court.

Indiana Code § 34–27–1–1 abolished the writ of mandate but allows for an action called an action for mandate. It reads as follows:

Writs of mandate in the circuit and superior courts are abolished. Causes of action previously remedied by writs of mandate may be remedied by means of complaint and summons in the name of the state on relation of the party in interest in the circuit, superior, and probate courts as other civil actions. Such actions are to be known as actions for mandate.

Ind.Code § 34–27–1–1. This statute requires that the complaint be brought in the name of the state on relation of the party, or in this case, the state on relation of Price. Further, Indiana Code § 34–27–3–2 requires that: (a) Except as provided in subsection (b), in an action for mandate, as in other civil actions: (1) the complaint must be verified. Price filed a single document that contained both his petition for mandate and his request for declaratory relief. It was not a verified document on its face nor was the complaint brought on behalf of the state on relation of him.

Additionally, in its Motion for Summary Judgment the County claimed that Price failed to sufficiently plead his request for declaratory judgment. Under Indiana law, the persons and types of controversies subject to a declaration of rights are:

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Ind.Code § 34–14–1–2. Price did not plead any contract or statute to provide authority for his request for declaratory judgment.

We agree with the County that an action for mandate may only be prosecuted in the name of the state on relation of the party in interest, and where this is not done, dismissal is appropriate. *Pitts v. Mills,* 165 Ind.App. 646, 333 N.E.2d 897 (1975). Thus, dismissal of the mandate count of Price's complaint would have been appropriate. However, the County does not cite us to any authority, nor do we find any, for its assertion that it is entitled to summary judgment on Price's request for declaratory relief because Price does not set forth any "contract, statute, or ordinance he wishes to be construed." Appellant's Br. P.13. While Price did not plead a specific statute for the trial court to construe, he did allege that he submitted requests for expense payments to the County for approval and the County failed to pay the claims in "contravention of their statutory duties." Tr. P.8.

Furthermore, Price alleges in his complaint sufficient facts to demonstrate that he has standing to complain of the County's nonpayment of his office expenses. "In order to obtain declaratory relief, the person bringing the action must have a substantial present interest in the relief sought, not merely a theoretical question or controversy or at least the 'ripening seeds of such a controversy,' and that a question has arisen affecting such right which ought to be decided in order to safeguard such right." *Community Action of Greater Indianapolis, Inc. v. Indiana Farmers Mut. Ins. Co.,* 708 N.E.2d 882, 884 (Ind.Ct.App.1999), *trans. denied* (quoting *Town of Munster v. Hluska,* 646 N.E.2d 1009, 1012 (Ind.Ct.App. 1995)). In particular, Price contends in his complaint that he, as the duly elected

township assessor, submitted to the County expenses for which appropriations had been made and the County denied payment of those claims. The court did not err in refusing to grant summary judgment to the County on the declaratory relief count because Price's pleadings were allegedly deficient.

## II. Specific Purpose

■ The County also argues that granting summary judgment to Price was error where there are no facts supporting the conclusion that Price's expenses match the given purpose for the appropriation under which he filed his claims. More particularly, the County argues that Price did not provide any evidence supporting the conclusion that he used the telephone line for which he submitted claims for the stated purpose of Fund # 107, namely for telephone and data line charges at the High Street building.

At the Elkhart County Council meeting on January 9, 1999, Price submitted a request for an additional $3,550.00 appropriation to Fund # 107. The County appropriated the funds accordingly. Price filed claims with Malone under Fund # 107 for telephone and data line charges totaling $1,074.54. However, Price chose not to have his office at the High Street building and instead decided to work from his home. Malone submitted the claims to the Commissioners who decided that because Price worked from his home and not the High Street building, the claims did not match the purpose stated for the appropriation.

Claims against a county are governed by Indiana Code § 36-2-6-2 which states:

A person who has a claim against a county shall file an invoice or a bill with the county auditor. The auditor shall present the invoice or bill to the executive, which shall examine the merits of the claim. The executive may allow any part of the claim that it finds to be *valid*.

(Emphasis added.) Thus, the County argues that the Commissioners, as the executive, appropriately found Price's telephone expenses to be *invalid* because they did not match the purpose stated for the appropriation. We disagree.

As indicated previously, Indiana statutes mandated a general reassessment in 1999. Ind.Code § 6-1.1-4-27. The auditor of each county is required to establish a property reassessment fund to be used to pay certain expenses for the general reassessment. The County Fiscal Body was to appropriate money from the reassessment fund for specific expenses incurred during the general reassessment. Accordingly, in this case, the primary purpose of the appropriation to Fund # 107 was to cover the telephone expenses incurred while fulfilling the general reassessment of the real property in Elkhart County during 1999. The location of the assessor's office was incidental to this purpose.

Our conclusion that the location of Price's office is incidental to the purpose of the appropriation is further supported by the fact that there is no statute requiring the elected township assessor to maintain his office in a county owned building. Moreover, the County agreed with this previously when it sent a letter to Price in 1997, responding to a request from Price on County policy relating to the use and location of computers. David Hess, the Elkhart County Administrator, wrote in part:

... Currently our county policy is silent as to location of equipment or property.... It is not practical for all equipment to be used in an office setting. There are many instances where equipment is used off county premises....

... The state law is silent as to office location of the full time township assessor. One could make the argument that if the state law required the full time township assessors to be housed in the county office buildings, then it would follow that the computer must be in the county office location, however, that is not the case as state law is silent as to location.

You have authorized control as the elected official, the statute is silent as to the location of the office, and county policy is concerned primarily with misuse or personal use of county equipment.

In the final analysis, I believe it's your call as to location, if the use is proper.

Record at 167–68. This letter states that the County did not think it had any power to force Price to have his office at a particular place. It also evidences that the County would cover legitimate costs of the elected township assessor regardless of where his office was because there is no law speaking to that issue. As there is no law mandating that the township assessor maintain his office at a building of the County's choosing, Price could locate his office wherever he wanted.

■ The County also asserts that Price did not provide evidence to support the conclusion that he had an office at his residence. However, the designated evidence reveals that Price submitted telephone bills which include service and installation charges on an accounts payable voucher to Malone. Price signed the claims certifying that the bills were true and correct and that the service and materials requested were received. The bills are for the installation of a business line into his personal residence. This evidence supports the fact that Price had an office at his home.

Since the primary purpose of Fund # 107 was to cover telephone expenses incurred while Price completed the general assessment and the expenses were incurred for this purpose, the Commissioners wrongly denied Price's claims. Therefore, we find no error in the court granting summary judgment to Price and ordering the County to pay for his telephone expenses.

### III. Ordinance No. 98–601

■ Finally, the County contends that summary judgment should not have been granted to Price because the purchase of the phone system was not made in accordance with Ordinance 98–601. Indiana Code § 36–1–3–1 *et seq.* (Home Rule Statutes) permits any county to exercise any power or perform any function necessary to the public interests in the context of its governmental affairs. A governmental body may adopt rules to regulate purchases of the governmental body. Ind. Code § 5–22–3–3(a). Individuals may be designated by the governmental body as purchasing agents. Ind.Code § 5–22–4–5(a)–(b). Elkhart County enacted Ordinance 98–601, under the Home Rule Statutes, requiring that any purchases made by purchasing agents relating to phone systems must be coordinated with the Commissioners and that written authorization must be received from them. The County argues that Price did not coordinate with the Commissioners and did not receive the necessary authorization to purchase the phone system for his personal residence. Therefore, no payments should be made to Price for use of this system. While we agree with the County that the enactment of Ordinance 98–601 was legal, we conclude that it did not include Price.

Here, the Commissioners appointed themselves as the purchasing agency for Elkhart County. They then appointed certain County officials as purchasing agents. Section three of Ordinance 98–601 lists the designated purchasing agents.

The list includes: the Commissioners, the County Administrator, all elected officials of Elkhart County government including judges, the heads of formal Elkhart County Departments, and certain County appointed officials. Price was not named as a purchasing agent in the ordinance, nor was his elected office named as a purchasing agent. Further, Price is not a County official or employee. Because Ordinance 98–601 is silent as to whether it covers elected township officials, we conclude that it does not apply to Price.

The County argues that this finding is counterintuitive to the issue at hand. The County maintains that if Price is not covered by the ordinance as a County official, he cannot ask the County for money to pay his telephone line expenses. However, Price submitted a claim to the County based on a special appropriation for the general reassessment of real property. As mandated by State law, any costs of the general reassessment are to be paid from the County's reassessment fund. I.C. § 6–1.1–4–28. Thus, for the purpose of his claims, it is irrelevant whether Price is a County official or not.

### IV.   Appellate Fees and Costs

 Finally, in his appellate brief Price requests appellate attorney's fees and costs. However, Price does not provide us with any reason why he should be awarded appellate attorney's fees. Generally, each party bears his own expenses unless otherwise provided by statute, rule or agreement. *AgMax Inc. v. Countrymark Co-op., Inc.*, 661 N.E.2d 1259, 1261 (Ind.Ct.App.1996). Here, Price points out that the township assessor has to submit a budget which contains an estimate of the cost of litigation for the year. He does not explain how that fact is transformed into his being awarded appellate attorney's fees.

On the other hand, since Price is the prevailing party, he is entitled to costs according to Indiana Appellate Rule 15(H)(2).[2] The rule provides that "[t]he fee paid for procuring the transcript, the costs of serving and of praecipe, and, in appropriate cases, the transfer fee, are a part of the costs of the court on appeal. Each party to the action shall bear the cost of printing his own briefs." Therefore, we deny Price's request for appellate attorney's fees and remand to the trial court to determine the amount of costs, if any, Price should be awarded.

Affirmed.

ROBB, J., and BROOK, J., concur.

---

2.   The new rule on costs may be found at Ind. Appellate Rule 67.