**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 08 2013, 9:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**PATRICK M. RHODES**
DCS Marion County
Indianapolis, Indiana

**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF C.C., CHILD IN NEED OF SERVICES; | ) ) ) |
| C.C. (father), | ) ) |
| Appellant-Respondent, | ) ) |
| vs. | ) No. 49A04-1208-JC-440 |
| INDIANA DEPARMENT OF CHILD SERVICES, | ) ) ) |
| Appellee-Petitioner. | ) ) ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn Moores, Judge
The Honorable Beth Jansen, Magistrate
Cause No. 49D09-1112-JC-47971

**April 8, 2013**

**BRADFORD, Judge**

Appellant-Respondent C.C. appeals from the juvenile court's adjudication of his son as a child in need of services. C.C. argues only that the court lacked subject matter jurisdiction over the case, claiming the alleged acts or omissions on which the case was based occurred in Jamaica, not Indiana. Concluding that the juvenile court had subject matter jurisdiction pursuant to Indiana Code section 31-30-1-1(2), we affirm.

## FACTS AND PROCEDURAL HISTORY

In April of 2009, C.C. ("Father") gained sole custody of his now-seven-year-old son C.C. ("Child") as a result of a child in need of services ("CHINS") proceeding involving Child's mother C.N. ("Mother"), a Marion County resident. Shortly thereafter, Father took Child to Jamaica to live. Over the next two years, Father travelled back to the United States on multiple occasions, leaving Child in the care of friends in Jamaica.

In August of 2011, while visiting the United States, Father was arrested on federal charges of neglect of a dependent based on allegations that Father physically abused his grandchildren. Father has been incarcerated in Arizona since that time. Child, however, remained in Jamaica until December of 2011, when federal authorities repatriated Child to the United States. The Department of Child Services ("DCS") assigned Family Case Manager ("FCM") Michael Abell to determine the best placement for Child upon his return. When Child arrived in Indianapolis, FCM Abell observed Child to have bruises on his body. Child explained that his caregiver in Jamaica had inflicted the bruises on

him as a form of discipline.

DCS placed Child with Mother and filed a CHINS petition as to Mother and Father on December 20, 2011. On February 13, 2012, the juvenile court held a factfinding hearing, at which Mother admitted to the CHINS allegation. The court adjudicated Child a CHINS, ordered Mother to participate in services, and continued Child's placement with Mother.

On April 25, 2012, DCS requested that Child be removed from Mother's care because Child had several behavioral needs that Mother could not address. These included impulsivity, hyperactivity, and sexually maladaptive behaviors. Neither Mother nor Father objected to Child's removal. On April 30, 2012, the court modified Mother's dispositional order to reflect the removal and to authorize therapeutic foster care for Child.

On August 3, 2012, the juvenile court held a factfinding hearing on the CHINS allegation as to Father. The court found that "[Child] has a Mother who cannot meet his special needs, and a Father who is incarcerated." Appellant's App. p. 142. From this, the court concluded that "the physical and mental condition of this child continues to be seriously impaired or endangered" and that "Mother cannot meet his needs and Father is unavailable to parent." Appellant's App. p. 142. The court also concluded that "[Child] needs care, treatment, or rehabilitation that [he] would not receive but for the cohercive [sic] intervention of the Court." Appellant's App. p. 142. The court adjudicated Child a CHINS, set the matter for a dispositional hearing, and continued Child's placement in foster care.

3

On August 30, 2012, the juvenile court held Father's dispositional hearing, where it maintained Child's placement in foster care and ordered Father to participate in services. Father moved for the court to set aside the CHINS adjudication and rehear the case, which motion the court denied. Father filed this appeal on August 31, 2012.

## DISCUSSION AND DECISION

Father argues that the juvenile court lacked subject matter jurisdiction to adjudicate Child a CHINS. "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006). "A tribunal receives subject matter jurisdiction over a class of cases only from the constitution or from statutes." *Georgetown Bd. of Zoning Appeals v. Keele*, 743 N.E.2d 301, 303 (Ind. Ct. App. 2001). "Subject matter jurisdiction is an issue of law to which we apply a *de novo* standard of review." *Lombardi v. Van Deusen*, 938 N.E.2d 219, 223 (Ind. Ct. App. 2010).

Father claims that subject matter jurisdiction was lacking because the alleged acts or omissions on which the CHINS petition was based occurred in Jamaica.[1] This claim, however, has no bearing on whether the juvenile court had the requisite subject matter jurisdiction to hear the case. "The question of subject matter jurisdiction entails a

---

[1] Although not necessary to our disposition of this matter, we note that Father's claim erroneously relies on Indiana Code section 31-34-1-2(a): "A child is a [CHINS] if … the child's physical or mental health is seriously endangered due to injury by the *act or omission* of the child's parent…." (Emphasis added). DCS's CHINS petition and the juvenile court's judgment thereon are based on Indiana Code section 31-34-1-1: "A child is a [CHINS] if …the child's physical or mental condition is seriously impaired or seriously endangered as a result of the *inability, refusal, or neglect* of the child's parent … to supply the child with necessary food, clothing, shelter, medical care, education, or supervision…." (Emphasis added). The court concluded that Child's "physical and mental condition" is "seriously impaired or endangered" and that "Father is unavailable to parent" as a result of his incarceration in Arizona. Appellant's App. p. 142. Thus, contrary to Father's claim, the CHINS petition and adjudication were not based on acts or omissions that occurred in Jamaica.

determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000). "The only relevant inquiry in determining whether a court has subject matter jurisdiction is whether the kind of claim advanced by the petitioner falls within the general scope of authority conferred upon such a court by the constitution or by statute." *Hite v. Vanderburgh Cnty. Office of Family & Children*, 845 N.E.2d 175, 179 (Ind. Ct. App. 2006).

Here, Indiana Code section 31-30-1-1(2) provides that "[a] juvenile court has exclusive original jurisdiction" in "[p]roceedings in which a child … is alleged to be a child in need of services…." *See In re K.B.*, 793 N.E.2d 1191, 1198 (Ind. Ct. App. 2003) (holding that exclusive original jurisdiction exists from the moment a CHINS petition is issued). Thus, the juvenile court undoubtedly had subject matter jurisdiction to adjudicate Child a CHINS.

The judgment of the juvenile court is affirmed.

RILEY, J., and BROWN, J., concur.