# FOR PUBLICATION



**FILED**

Feb 08 2012, 9:59 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ZURI K. JACKSON**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**ERIC E. SNOUFFER**
Snouffer & Snouffer
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ZURI K. JACKSON, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1103-RS-99 |
| | ) | |
| DEMETRIUS HOLINESS, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
Cause No. 02C01-0204-RS-41

**February 8, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Zuri Jackson ("Mother") appeals the trial court's grant of Demetrius Holiness' ("Father") motion to dismiss her petition for modification of child support. Mother presents a single issue for our review, which we restate as whether the trial court erred when it dismissed her petition for lack of subject matter jurisdiction.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

Mother and Father were married in 1995 in Indiana, and they divorced in 1996, when they were living in Nevada. They have two minor children together. A Nevada court issued the final dissolution decree, including an order that Father pay $363 per month in child support. Mother and the children then moved back to Indiana in 1996, and Father moved to Maryland.

In 2002, Mother completed the necessary paperwork under the Uniform Interstate Family Support Act ("UIFSA") to have the decree registered in Maryland. Appellant's App. at 6-25, 130.[1] And in 2004, the Maryland court entered a consent order approving the parties agreement to increase child support to $500 per month beginning April 15 of that year.[2]

On April 23, 2009, Mother filed her petition for modification of child support with the Allen Circuit Court. Father, who has continued to reside in Maryland during that

_____

[1] In the UIFSA paperwork, Mother also requested enforcement and modification of support. The record on appeal does not contain any order showing a modification of support or that the Maryland court registered the decree. In light of the procedural history, we assume the decree was ultimately registered in Maryland.

[2] The record does not contain a copy of this order. This information is based on averments in the State's opposition to Mother's motion to correct error in the trial court's December 14, 2010 order.

time, hired counsel in Indiana, who filed an appearance and various motions with the trial court. Ultimately, Father filed a motion to dismiss for lack of personal jurisdiction under Trial Rule 12(B)(2). However, following a hearing, the trial court instead dismissed Mother's petition for lack of subject matter jurisdiction. Mother filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

Subject matter jurisdiction is an issue of law to which we apply a de novo standard of review. Lombardi v. Van Deusen, 938 N.E.2d 219, 223 (Ind. Ct. App. 2010). Likewise, a trial court's interpretation of a statute is an issue of law reviewed de novo. Id. Subject matter jurisdiction is the power of a tribunal to hear and to determine a general class of cases to which the proceedings before it belong. Georgetown Bd. of Zoning Appeals v. Keele, 743 N.E.2d 301, 303 (Ind. Ct. App. 2001). A tribunal receives subject matter jurisdiction over a class of cases only from the constitution or from statutes. Id. A party can never waive the issue of subject matter jurisdiction. Id.

Indiana Code Section 31-18-6-11 provides in relevant part:

(a) After a child support order issued in another state has been registered in Indiana, unless the provisions of section 13 of this chapter apply,[3] the responding Indiana tribunal may modify the order only if, after notice and hearing, the responding tribunal finds that:

> (1) the:

>> (A) child, individual obligee, and obligor do not reside in the issuing state;

>> (B) petitioner who is a nonresident of Indiana seeks modification; and

---

[3] That section does not apply here.

3

> (C) respondent is subject to the personal jurisdiction of the Indiana tribunal; <u>or</u>
>
> (2) an individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties have filed a written consent in the issuing tribunal providing that an Indiana tribunal may modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted the Uniform Interstate Family Support Act, the written consent of the individual party residing in Indiana is not required for the tribunal to assume jurisdiction to modify the child support order.

(Emphasis added). Here, Mother, the petitioner, is a resident of Indiana, but the parties have not filed a consent with the court having continuing jurisdiction under UIFSA to transfer jurisdiction to the Indiana court. Thus, under the statute, an Indiana court cannot have subject matter jurisdiction to modify the child support order here.

In its Order, the trial court concluded that under Indiana Code Section 31-18-6-11(a)(1), a petitioner seeking modification of a child support order issued by another jurisdiction must be a non-resident of Indiana. That is true when the parties have not consented to Indiana's jurisdiction under subsection (a)(2). Because Mother is a resident of Indiana and the parties have not consented to Indiana's jurisdiction, the trial court concluded that she must seek modification of child support in Maryland, where Father lives.

Nonetheless, on appeal Mother contends that the federal Full Faith and Credit for Child Support Orders Act ("FFCCSOA" or "Federal Act") "preempts" subsection (a)(1) of Indiana's statute because the Federal Act does not impose a non-residency

4

requirement. Brief of Appellant at 10. In particular, Mother cites to 28 U.S.C. § 1738B, which provides in relevant part that:

> [i]f there is no individual contestant or child residing in the issuing State [here, Nevada], the party . . . seeking to modify, or to modify and enforce, a child support order issued in another State shall register that order in a State with jurisdiction over the nonmovant for the purpose of modification.[4]

It is true that that statute has no requirement like the one found in Indiana Code Section 31-18-6-11(a)(1), which requires that the party seeking to modify a child support order issued in another State be a nonresident of Indiana. And Mother maintains that, "[u]nder the Supremacy Clause of the United States Constitution, the FFCCSOA is binding on all states and supersedes any inconsistent provisions of state law, including the provisions of UIFSA." Id.

But the case law Mother cites in support of her argument on this issue is unpersuasive. Indeed, while Mother contends that "the UIFSA is preempted by the provisions of [the FFCCSOA]," and she cites to case law from a foreign jurisdiction, our supreme court has held otherwise. Id. In Basileh v. Alghusain, 912 N.E.2d 814, 820 (Ind. 2009), our supreme court expressly held that the FFCCSOA does not preempt the UIFSA. In Basileh, the court addressed the issue of preemption with respect to Indiana Code Section 31-18-2-5 and 28 U.S.C. § 1738B. On direct appeal, this court had determined there was a "crucial" distinction between the two statutes, namely, that the Uniform Act requires the parties' written consent to another state's jurisdiction, whereas the Federal Act does not. And we held that the federal statute preempted the state statute.

---

[4] Mother contends, and we agree, that Father submitted to the jurisdiction of Indiana when he filed his petition to adopt the Indiana Parenting Time Guidelines with the Allen Circuit Court on July 17, 2009. See Allen v. Proksch, 832 N.E.2d 1080, 1086 (Ind. Ct. App. 2005) (holding a party who seeks affirmative relief from a court may be estopped from challenging personal jurisdiction).

On transfer, our supreme court examined the law on federal preemption and held:

> The application of general rules of federal preemption leads us to conclude that Congress did not intend the Federal Act to preempt the Uniform Act. Rather, it appears that FFCCSOA was intended to follow the contours of UIFSA. There is no indication in the text of FFCCSOA or its legislative history of any intent to preempt UIFSA. And importantly for our purposes the specific provisions here at issue in Indiana's version of the Uniform Act—the nonresidency requirement and the consent requirement—are closely modeled after the federal version of the Uniform Act. "The very fact that Congress mandated that all fifty states adopt UIFSA strongly mitigates against a construction of FFCCSOA that would impliedly preempt UIFSA to any degree." LeTellier v. LeTellier, 40 S.W.3d 490, 498 (Tenn. 2001). We therefore also conclude that the FFCCSOA does not preempt the Indiana version of UIFSA.

Id. at 820.

Here, Indiana Code Section 31-18-6-11(a)(1) is likewise closely modeled after Section 611 of the Uniform Act, which also requires that the party seeking modification be a nonresident. We follow the reasoning in Basileh and hold that Indiana Code Section 31-18-6-11(a)(1) is not preempted by the FFCCSOA. Basileh, 912 N.E.2d at 820. Still, Mother contends that the non-residency element of Indiana Code Section 31-18-6-11(a)(1) "does not conform to the intent of the FFCCSOA to protect the interest of the children." Brief of Appellant at 11. She maintains that the non-residency element makes it "both financially and physically impossible" for her to seek modification of Father's child support obligation. Id. But given that Section 611 of the UIFSA and Indiana Code Section 31-18-6-11(a)(1) are almost identical, we find the language of the Comment to Section 611 to be a strong indication of the legislative intent when it enacted Indiana Code Section 31-18-6-11. That commentary states:

> Under subsection (a)(1), before a responding tribunal may modify the existing controlling order, three specific criteria must be satisfied. First, the

6

individual parties and the child must no longer reside in the issuing state. Second, the party seeking modification, usually the obligee, must register the order as a nonresident of the forum. That forum is almost always the state of residence of the other party, usually the obligor. A colloquial (but easily understood) description is that the nonresident movant for modification must "play an away game on the other party's home field." . . .

The underlying policies of this procedure contemplate that the issuing tribunal no longer has an interest in exercising its continuing, exclusive jurisdiction to modify its order, nor information readily available to it to do so. The play-away rule achieves rough justice between the parties in the majority of cases by preventing ambush in a local tribunal. Moreover, it takes into account the factual realities of the situation. In the overwhelming majority of cases the movant is the obligee who is receiving legal assistance in the issuing and responding states from Title IV-D support enforcement agencies. Further, evidence about the obligor's ability to pay child support and enforcement of the support order is best accomplished in the obligor's state of residence.

(Emphasis added). Accordingly, Mother's contention that the best interests of the children require that Indiana exercise subject matter jurisdiction over the modification of child support here is unavailing.

Although Mother does not prevail in this appeal, we pause to note what we believe to be an incongruity in the statutory scheme that leads to the somewhat absurd result in this case. Indiana Code chapter 31-18-6 provides a mechanism for registration and enforcement of an out-of-state child support order. "Except as otherwise provided in this article, an Indiana tribunal shall recognize and enforce but may not modify a registered order if the issuing tribunal has jurisdiction." Ind. Code § 31-18-6-3 (emphasis added). Section 31-18-6-11 sets forth the requirements that must be met in order for Indiana to modify a registered order. Relevant to this case, Indiana may modify an out-of-state child support order only if neither the child nor either parent lives in the issuing state, the

7

person seeking modification is a non-resident of Indiana, and the person against whom modification is sought is subject to personal jurisdiction in Indiana.[5] Neither Mother, nor Father, nor the children reside in Nevada, the state which issued the original child support order, satisfying the first requirement of Section 31-18-6-11(a)(1). Indiana Code Section 31-18-2-1 provides that "[i]n a proceeding . . . to modify a support order . . . an Indiana tribunal may exercise personal jurisdiction over a nonresident individual . . . if . . . the individual resided in Indiana with the child . . . ." Ind. Code § 31-18-2-1(3); see also Ind. Trial Rule 4.4(A)(7) (providing that a person submits to the jurisdiction of Indiana courts by "living in the marital relationship within the state notwithstanding subsequent departure from the state . . . if the other party to the marital relationship continues to reside in this state . . . ."). Mother and Father resided in Indiana with the children and were married in Indiana prior to their move to and subsequent divorce in Nevada. An Indiana court would therefore have personal jurisdiction over Father, despite the fact that he now resides in Maryland, satisfying the third requirement of Section 31-18-6-11(a)(1).

But Mother is a resident of Indiana. The second requirement of Section 31-18-6-11(a)(1) allowing an out-of-state child support order to be modified in Indiana is that the petitioner be a non-resident. Although we recognize that because of this requirement, the provision allowing an Indiana court to modify an out-of-state child support order is not applicable in this case, this case seems to be one in which the sections of the act cannot be harmonized.

_____

[5] Indiana may also modify an out-of-state child support order if the parties have filed written consent in the issuing state to Indiana modifying the order. No such consent was filed in this case.

The comment to UIFSA § 611, on which Indiana's Section 31-18-6-11 is based, states that the purpose of the non-residency requirement for the petitioner is to "curb[ ]or eliminat[e] the undesirable effect of 'ambush or tag' jurisdiction, e.g., the likelihood that the parties would vie to strike first to obtain home-town advantage. . . .  [S]uch lawsuits would discourage continued contact between the child and the obligor, or between the parties for fear of a lawsuit in a distant forum."  Comment to UIFSA § 611 (2008).  But what is the point of Section 31-18-2-1 conferring jurisdiction over a person who previously resided in Indiana if not to allow Indiana to modify a child support order under the circumstances presented here?  Father would not be discouraged from contact with Mother or the children upon their move to Indiana after the dissolution for fear of being brought into court here because he was already subject to the jurisdiction of Indiana courts, even before they moved back.  Notably, Indiana's Section 31-18-2-1 does not include the provision of the UIFSA that the bases of jurisdiction over a nonresident set forth therein "may not be used to acquire personal jurisdiction for a tribunal of this state to modify a child-support order of another state unless the requirements of Section 611 are met . . . ."  UIFSA § 201(b) (2008) (emphasis added).  Thus, Indiana has not unbound its personal jurisdiction statute from the out-of-state child support modification statute.  And because personal jurisdiction is conferred over a non-petitioning parent who previously resided with the child in Indiana but does not necessarily presently reside in Indiana, but the petitioning parent must be a non-resident, it is possible that Indiana could modify a child support order when no party currently lives in Indiana.  If, for instance, the facts of this case were the same but for Mother living in Illinois rather than Indiana

9

when she sought modification, the requirements of Section 31-18-6-11 would be met, allowing an Indiana court to modify the child support order even though no party was a resident of Indiana. And because the obligation of support can continue until a child turns twenty-one, it is possible that Indiana would have personal jurisdiction to modify a support order for up to twenty years after the relevant parties have left the state.

Moreover, had Mother returned to Indiana prior to seeking dissolution, Indiana could have exercised in rem jurisdiction to grant a dissolution due to her current residence in Indiana; and because of Father's prior residence here, Indiana would also have had in personam jurisdiction over both parties to divide the marital property and enter a support order as part of the dissolution action. See Harris v. Harris, 922 N.E.2d 626, 634-35 (Ind. Ct. App. 2010) (changing the parties' status from married to unmarried requires only in rem jurisdiction which is satisfied by the residency of one party; adjudicating the incidences of marriage—that is, the marital property and child support— requires in personam jurisdiction over both parties). And even under the circumstances as presented, Mother could have filed an original action for child support in Indiana, pursuant to Indiana Code chapter 31-16-2, which authorizes a court to enter a child support decree when there is a duty to support that child that has not been fulfilled. Ind. Code § 31-16-2-8(a); see also Bagal v. Bagal, 452 N.E.2d 1070, 1072 (Ind. Ct. App. 1983) ("child support may be either the subject of a separate 'action' or an 'application' in an action for dissolution . . . . "). It seems incongruous that a court that has personal jurisdiction over both parties to dissolve a marriage and adjudicate the incidences thereof or order support in the first instance could not modify an existing child support order.

Although the requirements of Section 31-18-6-11 are clear, the procedure for modifying an out-of-state child support order is less clear when Section 31-18-6-11 is considered in conjunction with other relevant statutes. However, because the incongruity between the statutory sections is a legislative matter, we must conclude that the trial court did not err in dismissing Mother's petition to modify because she is not a non-resident petitioner as required by Section 31-18-6-11.

In sum, Mother's contention that 28 U.S.C. § 1738B preempts Indiana Code Section 31-18-6-11(a)(1) must fail given our supreme court's holding to the contrary in Basileh. And the commentary to Section 611 of the UIFSA, upon which our state statute was based, explains the reasoning behind the "rough justice" of the non-residency requirement. The trial court did not err when it dismissed Mother's petition to modify child support for lack of subject matter jurisdiction.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.