

FILED

Jun 29 2018, 7:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Corbin R. Fowler
Gary, Indiana

ATTORNEY FOR APPELLEES
LAKE COUNTY AUDITOR,
TREASURER AND COMMISSIONERS

Randy H. Wyllie
Wieser & Wyllie, LLP
Schererville, Indiana

ATTORNEY FOR APPELLE
CALUMET TOWNSHIP ASSESSOR
JACKIE COLLINS

Kevin Chandler Smith
Smith Sersic
Munster, Indiana

ATTORNEYS FOR APPELLEE
LAKE COUNTY ASSESSOR
JEROME PRINCE

Tony Walker
Leanna Weissmann
The Walker Law Group, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.A.Y. Investments LLC, Andy's Truck & Equipment Co., Gold Coast Rand Development Co., Surplus Management Systems LLC, Gary II LLC and Andrew Young, <br><br> *Appellants-Plaintiffs/Cross-Appellees,* <br><br> v. | June 29, 2018 <br><br> Court of Appeals Case No. 45A03-1709-PL-2122 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Bruce D. Parent, Judge <br><br> Trial Court Cause No. 45D04-1601-PL-1 |

Lake County, Indiana, Treasurer Peggy Holinga-Katona, Auditor John Petalas, Commissioners Roosevelt Allen, Jr., Gerry Scheub, Michael Repay, and Township Assessor Jackie Collins,

*Appellees-Defendants,*

and

Assessor Jerome Prince,

*Appellee-Defendant/Cross-Appellant.*

**Robb, Judge.**

# Case Summary and Issue

[1] D.A.Y. Investments, LLC; Andy's Truck & Equipment Company; Gold Coast Rand Development Company; Surplus Management Systems, LLC; Gary II, LLC; and Andrew Young (collectively, "Owners") sued Lake County, Indiana; Peggy Holinga-Katona, Treasurer; Jerome Prince, Assessor; John Petalas, Auditor; Roosevelt Allen, Jr., Gerry Scheub, and Michael Repay, Commissioners; and Jackie Collins, Township Assessor (collectively, "Lake County Defendants"), for specific performance of a settlement agreement the parties entered into regarding taxes due on properties owned by the Owners. The trial court granted the Lake County Defendants' motion to dismiss alleging

lack of subject matter jurisdiction, finding the Owners' claims were based on disputes that should have been first addressed through an administrative process. The Owners appeal, raising the following issue for our review: whether the trial court abused its discretion in denying their motion to correct error after the trial court granted the Lake County Defendants' motion to dismiss their complaint for lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1). Concluding the trial court did not have subject matter jurisdiction over this case arising under tax laws, we affirm.

# Facts and Procedural History

[2]     Young owns approximately 1,800 properties in Lake County either individually or through his various business entities named above. In 2009, the Owners filed voluntary petitions for bankruptcy in federal court in Illinois. As part of the bankruptcy action, the Owners sought protection from Lake County with respect to taxes owed on those properties. On February 29, 2012, the bankruptcy court approved a written settlement agreement between the Owners and the Lake County Defendants. The settlement agreement provided, in pertinent part:

> 1.  That attached hereto and marked Exhibit A is a listing of all the properties that are the subject of the controversy herein . . . . The sixth column consists of the assessed valuation that the parties have agreed upon for the taxable years involved in each property to and including 2010 taxes, payable in 2011. . . .

2. That pursuant to said Exhibit A, the parties now agree that the following amounts are due to Lake County for all taxes on all properties to and including 2010 taxes, payable 2011 . . . .

3. To resolve all of the above pending appeals the [Owners] and the county assessor now agree as follows:

    A. The [Owners] shall pay the following sum to Lake County, Indiana: $904,954.58.
    * * *
    C. The payment of the sum listed in paragraph 3a above shall settle all of the tax claims due and owing from the [Owners] for all of the property and years identified in paragraph 2.

4. The parties further agree that the [Owners] herein will pay the above stated amount over a period of twenty-four (24) months subject to the following:

    * * *

    E. The [Owners] recognize that during the period of scheduled payments as set forth above, any of the real estate listed herein that they will continue to be the fee simple owners of will have taxes due and owing for the calendar year 2011, payable 2012 and 2012, payable 2013.

    * * *

5. That the parties further agree that the property classification and assessed valuations used herein on each and every parcel of land are accepted by the parties as the basis upon which any tax increases or decreases occur and that these properties will be treated in the exact same manner as any other properties in Lake County, using the same methodologies as any other properties in

Lake County based on the agreed property classification assessment valuation found herein. Any property classified as residential will be taxed at the residential rate. Property classified as commercial or industrial will be taxed at the commercial rate.

6. That the parties further agree and understand that there will be a general reassessment of all real estate in Lake County, Indiana in 2013 and that these properties will be treated in the same manner using the same methodologies as all other properties in Lake County, Indiana for said reassessment.

* * *

9. This agreement covers all of the properties listed in said Exhibit A, and binds the parties, their heirs, successors, agents, and authorized personnel to its terms and conditions, and shall be enforceable in this court or any court in Lake County, Indiana that has constitutional or statutory authority for the venue of any cause of action that may be necessary to enforce this agreement.

Appellants' Appendix, Volume 3 at 4-6.

[3] Pursuant to the agreement, the Owners paid the $904,954.58 due over two years.[1] On December 30, 2016, the Owners filed a complaint in three counts against the Lake County Defendants: Count I, for specific performance; Count

---

[1] It appears part of the agreement was to reduce or discount the amount of taxes Owners owed on the parcels. In other words, the Lake County Defendants accepted an amount less than the actual amount due and the Owners were brought current through the 2010/payable in 2011 tax year only by agreement.

II for bad faith failure to settle a claim; and Count III in the alternative to determine the validity, priority, and extent of liens.[2]  Count I alleged:

> 22.  [Lake County] Defendants have failed and refused to do what was required of them under the Agreement, including but not limited to; failing to re-classify each property as agreed, failing to assess the properties at the assessed valuations arrived at between the parties, failing to acknowledge and bill for each property at the agreed upon rates, failing to properly credit the tax payments made, failing to waive penalties and interest not specifically provided for in the Agreement, failing to properly publish the correct classifications and valuations agreed upon to the general public, failing to use the same methodologies for general reassessments to [Owners'] properties as apply to other properties in Lake County, Indiana, and failing and refusing to cooperate with [Owners] in addressing these issues.

Appellants' App., Vol. 2 at 55.  Count III alleged:

> 32.  [Owners] dispute the amount of the real estate tax lien claims of Lake County, Indiana and the Lake County Treasurer.
>
> * * *
>
> 34[-36].  More specifically, the Lake County [Defendants'] failure and refusal to issue tax bills to [Owners] based on the assessed valuations and proper classifications that the parties agreed to in the Agreement approved by the bankruptcy court on February

---

[2] In 2014, the Owners again sought bankruptcy protection and on May 15, 2015, filed in the bankruptcy court a complaint against the Lake County Defendants for specific performance and damages based on the settlement agreement.  The settlement agreement itself stated that it was enforceable in bankruptcy court or in any Lake County court that has jurisdiction.  Because of a procedural defect, the underlying bankruptcy was dismissed, and the complaint against the Lake County Defendants was also dismissed.

29, 2012 has resulted in incorrect and excessive taxes being levied against [Owners] on their properties for taxes payable in the year 2012[, 2013, and 2014].

* * *

37. The Lake County [Defendants'] failure and refusal to issue tax bills to [Owners] based on the assessed valuations and proper classifications that the parties agreed to in the Agreement approved by the bankruptcy court on February 29, 2012 will certainly result in incorrect and excessive taxes being levied against [Owners] on their properties for taxes payable in the year 2015, as well.

*Id.*, Vol. 2 at 57-58.

[4] The Lake County Defendants filed a motion to dismiss alleging lack of subject matter jurisdiction.[3] After a hearing, the trial court issued an order granting the motion to dismiss:

18. The Court found that the [Owners'] claims were all based upon disputes with the [Lake County Defendants] over tax lien amounts, incorrect or excessive taxes, errors resulting in improper tax bills, improper tax assessments, improper tax classifications, incorrect tax valuations, and their appeal of certain tax assessments. These allegations are principally

---

[3] The Lake County Defendants also filed motions to dismiss premised on the individually named defendants not being the real parties in interest. The trial court denied those motions as moot. Lake County Assessor Jerome Price has filed a cross-appeal raising the issue of whether he should be dismissed from this litigation. Because of our resolution of the Owners' appeal, we need not address this issue, as the entire lawsuit is dismissed. Although Price invites us to answer the question to "provide clarity for other Indiana practitioners," Joint Brief of Appellees at 20, we decline to do so, as we do not issue advisory opinions. *INS Investigations Bureau, Inc. v. Lee*, 709 N.E.2d 736, 742 (Ind. Ct. App. 1999), *trans. denied*.

involved with the collection of a tax or defenses to those attempts at collection.

19. The legislature provided the [Owners] with an administrative procedure for the review and appeal of tax assessments under IC 6-1.1-15-1.

20. The [Owners] chose to file the present lawsuit without first availing themselves to those administrative remedies created for their protection.

* * *

22. Accordingly, this Court found that it lacked subject matter jurisdiction to hear this matter against any of the [Lake County Defendants].

*Id.*, Vol. 2 at 36. The Owners filed a motion to correct error. The trial court held a hearing and then issued an order denying the motion:

22. After a careful re-evaluation of the underlying facts and the underlying motions, and a review of the updated filings of each party the Court found that it did not abuse its discretion under Trial Rule 59 as its decision to dismiss for lack of jurisdiction was logical and consistent with the facts and circumstances of the present case, and the inferences which could be drawn therefrom.

*Id.*, Vol. 2 at 24. Owners now appeal the trial court's denial of its motion to correct errors related to its dismissal of their complaint.

# Discussion and Decision

# I. Standard of Review

Generally, a trial court has wide discretion to correct errors, and we will reverse only for an abuse of that discretion. *Paulsen v. Malone*, 880 N.E.2d 312, 313 (Ind. Ct. App. 2008). An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom, or if it is based on impermissible reasons or considerations. *Id.*

In arguing that the trial court abused its discretion by denying their motion to correct error, the Owners assert their complaint is grounded in contract—not tax—law, and the trial court had jurisdiction to enforce the settlement agreement at issue. The trial court agreed with the Lake County Defendants that the complaint asserted issues of tax assessments and amounts, and found it lacked subject matter jurisdiction because the Owners failed to exhaust their administrative remedies. We apply a de novo standard of review to issues of law such as subject matter jurisdiction. *Jackson v. Holiness*, 961 N.E.2d 48, 50 (Ind. Ct. App. 2012). Subject matter jurisdiction is the power of a given tribunal to hear and determine a general class of cases. *Id.* Subject matter jurisdiction is conferred by the constitution or state statutes. *Id.*

# II. Subject Matter Jurisdiction

The primary issue in this appeal is whether the Lake Superior Court has jurisdiction over this case. The Lake Superior Court has subject matter jurisdiction over all civil and criminal cases, Ind. Code § 33-29-1.5-2(1), except

where exclusive jurisdiction has been conferred by law upon a different court, *State ex rel. Zoeller v. Aisin USA Mfg., Inc.*, 946 N.E.2d 1148, 1152 (Ind. 2011). In creating the Indiana Tax Court in 1986, the legislature "intended that all challenges to the tax laws—regardless of the legal theory relied on—be tried in the Tax Court." *State v. Sproles*, 672 N.E.2d 1353, 1357 (Ind. 1996). The Tax Court has limited but exclusive jurisdiction over any case that "arises under" the tax laws and that is an initial appeal of a final determination by a relevant agency. Ind. Code § 33-26-3-1. If the Tax Court has jurisdiction, the trial court does not. *Aisin USA Mfg., Inc.*, 946 N.E.2d at 1152. Our supreme court has interpreted the "arise under" language broadly to include "any case challenging the collection of a tax or assessment . . . whether the challenge is premised on constitutional, statutory, or other grounds." *Id.* at 1153. The challenge need not be to the collection of taxes directly; challenges to earlier steps in the taxation or assessment process also arise under the tax laws. *Id.*

[8]    The Owners repeatedly state that this case is grounded in contract law and therefore is not a tax law case. *See*, *e.g.*, Transcript at 45 (Owners' counsel stating at motion to correct error hearing, "This proceeding is subject to contract law. Contract law, equitable law, but not tax court."); Appellants' Brief at 8 (stating the Owners' claim "is a breach of contract claim against Lake County in which [they] assert that Lake County failed to satisfy the terms of the Settlement Agreement"). They argue the settlement agreement required the Lake County Defendants to assess their 1,800 parcels at the values agreed to and listed in Exhibit A, that reassessment of the parcels at those values was a

material term of the settlement agreement, and that the Lake County Defendants' failure to do so was a material breach of the agreement. They argue tax laws have nothing to do with whether the agreement was breached. If the settlement agreement set forth agreed assessed values for future years, then it would be within the trial court's purview to say whether the Lake County Defendants breached the agreement and to order the Lake County Defendants to collect taxes based on those agreed assessed values. However, paragraph 1 of the settlement agreement specifically states that the attached list of properties and assessed values "consists of the assessed valuation that the parties have agreed upon for the taxable years involved in each property *to and including 2010 taxes, payable in 2011*." Appellants' App., Vol. 3 at 4 (emphasis added). The Lake County Defendants made no agreement to assess the Owner's property at a certain value going forward. Instead, pursuant to paragraph 5, the parties agreed the properties "will be treated in the exact same manner as any other properties in Lake County, using the same methodologies . . . ." *Id.*, Vol. 3 at 6.[4] Therefore, it is not possible to determine if the Lake County Defendants appropriately assessed the Owners' property based on the settlement agreement alone. The general manner and methodology of tax assessment in Lake County determines the appropriate assessments for the Owners' property.

---

[4] The Owners stated at the motion to dismiss hearing that they "kept trying and trying and trying to get those properties reassessed," but conceded that "going forward [they] would accept any changes in valuations that were required by law to any other property, just do it fairly. [They] didn't expect those values to stay the same." Transcript at 20-21.

[9] As the supreme court stated in *Aisin USA Mfg., Inc.*, if the case "principally involves the collection of a tax or defenses to the collection of a tax," it arises under the tax laws and is subject to the Tax Court's exclusive jurisdiction regardless of the grounds on which the challenge is premised. 946 N.E.2d at 1153-54. That the Owners' have styled their claim as a breach of contract does not negate the fact that it is, in essence, a claim challenging the assessment or collection of taxes as "incorrect and excessive." Appellants' App., Vol. 2 at 57-58.

[10] Because this is a case claiming error in the assessed value of property, Indiana Code chapter 6-1.1-15 governs procedures for review and appeal of the assessments. Ind. Code § 6-1.1-15-1.1(a)(1). There are several steps, starting with the taxpayer seeking review by filing notice with the relevant county or township official, Ind. Code § 6-1.1-15-1.1(a), and ending with a final determination by the Indiana Board of Tax Review, Ind. Code § 6-1.1-15-4. Once the Indiana Board of Tax Review has rendered a final determination, the taxpayer may file a petition for judicial review with the Indiana Tax Court. Ind. Code § 6-1.1-15-5. It does not appear the Owners have availed themselves of this administrative process for any tax year of which they now complain the assessments were in error.

[11] Where applicable, the requirement that a party exhaust its administrative remedies prior to seeking judicial review of an agency action is a jurisdictional prerequisite to judicial review. *Outboard Boating Club of Evansville, Inc. v. Ind. State Dep't of Health*, 952 N.E.2d 340, 343 (Ind. Ct. App. 2011), *trans. denied*.

Failure to exhaust administrative remedies is therefore a defect in subject matter jurisdiction. *Marion Cty. Auditor v. Revival Temple Apostolic Church*, 898 N.E.2d 437, 445 (Ind. Ct. App. 2008), *trans. denied*. As it is the taxpayer's responsibility to exhaust all administrative remedies, the taxpayer cannot "circumvent the 'final determination' requirement basis for the Indiana Tax Court's exclusive jurisdiction over tax appeals by filing an action in a trial court instead of with the relevant administrative agency." *Id.* A trial court is not vested with subject matter jurisdiction simply based on the lack of a final determination by a tax-related agency. *Id.* In other words, the subject matter of the Owners' claim is one within the exclusive jurisdiction of the Tax Court. The fact that the Owners may have forfeited an appeal to the Tax Court by failing to avail themselves of that process for adjudicating their claim does not give the Lake Superior Court subject matter jurisdiction over this case.

# Conclusion

[12] The trial court did not abuse its discretion in denying the Owners' motion to correct error of the order granting the Lake County Defendants' motion to dismiss. The judgment of the trial court is affirmed.

[13] Affirmed.

Najam, J., and Altice, J., concur.