## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

May 07 2020, 5:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEY FOR APPELLEES

Marc Tawfik
McNeely Stephenson
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Arlinda E. Greener,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Douglas W. Biehl and Donovan E. Brunsman,<br>*Appellees-Defendants* | May, 7, 2020<br><br>Court of Appeals Case No. 19A-CT-2386<br><br>Appeal from the Dubois Superior Court<br><br>The Honorable Mark R. McConnell, Judge<br><br>Trial Court Cause No. 19D01-1507-CT-362 |

**May, Judge.**

[1] Arlinda E. Greener appeals the denial of her motion to correct error. We
affirm.

# Facts and Procedural History

[2]    Late at night on July 17, 2013, Douglas Biehl and Donovan Brunsman finished raking hay with two of Brunsman's tractors in a field near Huntingburg. They had to travel a short distance on Highway 161 to arrive where they intended to store the tractors for the night. Brunsman exited the field and drove his tractor onto the highway, and Biehl followed him in the other tractor. Greener was driving in her car on the highway when she approached the back of the tractor driven by Biehl. The tractor Biehl was driving lacked a slow-moving vehicle sign, but it had a flashing light on the back. When Biehl slowed his tractor to turn left, Greener rear-ended Biehl.

[3]    Greener sued Biehl and Brunsman. She alleged she "was injured and damaged as a direct and proximate result of the careless and negligent operation by Defendant Douglas W. Biehl of a tractor and farm implement owned, equipped, and maintained by Defendant Donovan E. Brunsman[.]" (App. Vol. II at 11.) The trial court held a jury trial on July 31 and August 1, 2019. The jury returned a verdict finding Greener primarily responsible for the accident. On August 26, 2019, Greener filed a "Motion for Relief from an Adverse Judgment and to Correct Errors." She stated the following grounds for relief:

1. The jury's verdict should be set aside because there was, and is, a latent lack of evidence to support the verdict;

2. The verdict is contrary to the uncontradicted evidence;

3. There is no substantial evidence or reasonable inference to be adduced from the evidence to support an essential element of the defense claims; and

4. The evidence points unerringly to a conclusion not reached by the jury.

5. Further, in addition to the verdict not being sustained by sufficient evidence, it is also contrary to law.

(App. Vol. III at 68.) The motion did not contain any additional explanatory paragraphs, and it was not accompanied by a memorandum. On September 10, 2019, Biehl and Brunsman filed a response to the motion. The trial court summarily denied the motion on September 12, 2019.[1]

# Discussion and Decision

[4] Greener purports to have brought her motion pursuant to both Indiana Trial Rule 59 and Trial Rule 60. Trial Rule 59 governs motions to correct error, and filing a Trial Rule 59 motion is a prerequisite to appeal if a party is claiming that a jury verdict was excessive or inadequate. Ind. T.R. 59(A)(2). Trial Rule 60 is meant to address "only the procedural, equitable grounds for justifying relief from the legal finality of a final judgment, not the legal merits of the judgment." *Barton v. Barton*, 47 N.E.3d 368, 373 (Ind. Ct. App. 2015), *trans.*

---

[1] Greener's appendix does not include a copy of an order denying her motion to correct error. Rather, the appendix includes a copy of the chronological case summary with an entry indicating the trial court denied the motion.

*denied*.  We therefore evaluate Greener's motion pursuant to Trial Rule 59, which is the proper vehicle for challenging the legal merits of a final judgment. *See In re Paternity of P.S.S.*, 934 N.E.2d 737, 741 (Ind. 2010) (declining to entertain challenge to merits of trial court's final order when challenge made by Trial Rule 60 motion).

[5]     Our standard of review of a trial court's ruling on a motion to correct error is well settled.

> We generally review a trial court's ruling on a motion to correct error for an abuse of discretion. *Jocham v. Sutliff*, 26 N.E.3d 82, 85 (Ind. Ct. App. 2015), *trans. denied*.  An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *In re Marriage of Dean*, 787 N.E.2d 445, 447 (Ind. Ct. App. 2003), *trans. denied*.  However, where the issues raised in the motion are questions of law, the standard of review is de novo. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*.

*Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017).

[6]     Biehl and Brunsman argue Greener's motion "lacked any argument or application of the facts for the trial court to consider and was properly denied." (Appellee's Br. at 9.)  Indiana Trial Rule 59(D) provides that any error raised in a motion to correct error "**shall** be stated in specific rather than general terms and **shall** be accompanied by a statement of facts and grounds upon which the error is based." (emphases added.)  As our Indiana Supreme Court has explained, "Bald general assertions of error do not constitute substantial

compliance with our rules."  *Young v. Duckworth*, 394 N.E.2d 123, 125 (Ind. 1979), *cert. denied*, 445 U.S. 906 (1980), *reh'g denied*, 445 U.S. 973 (1980).  "The motion to correct error is intended to focus the trial court on important alleged errors in the trial court proceedings and to provide the court with an opportunity to reflect on and correct those errors, thereby eliminating the need for the parties to take an appeal."  Motion to Correct Error, 22A Ind. Prac., Civil Trial Practice § 37.1 (2d ed.).

[7] Greener filed a motion to correct error.  However, her motion did not include a statement of facts.  Greener did not cite to any authority to support her assertion that the verdict was contrary to law.  She did not specifically identify any uncontradicted evidence the verdict was contrary too, nor did she explain how the evidence pointed only to the conclusion opposite that reached by the jury.  She also did not allege or put forth any new material evidence.  Consequently, we hold the trial court did not abuse its discretion in denying Greener's motion to correct error.  *See Anderson v. Ind. St. Emp. App. Comm.*, 360 N.E.2d 1040, 1043 (Ind. Ct. App. 1977) (holding appellant's motion to correct error was "not sufficiently specific to have presented any error to the trial court"), *reh'g denied*; *see also D.A.Y. Investments LLC v. Lake Co.*, 106 N.E.3d 500, 506 (Ind. Ct. App. 2018) (holding trial court did not abuse discretion in denying motion to correct error because the motion did not demonstrate the party was entitled to relief), *reh'g denied*, *trans. denied*.

# Conclusion

Greener's motion to correct error did not comply with Trial Rule 59. It did not state the challenged error in specific terms, nor did it identify any facts or grounds supporting the requested relief. Because her motion was inadequate to notify the court of the errors alleged or demonstrate she was entitled to relief, we cannot hold the trial court abused its discretion in denying the motion. Therefore, we affirm the trial court.

Affirmed.

Crone, J., and Pyle, J., concur.