## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2020, 7:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin E. Werner
Crown Point, Indiana

ATTORNEY FOR APPELLEES

Alfredo Estrada
Burke Costanza & Carberry LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Alan Pahl,

*Appellant-Plaintiff,*

v.

Lake County Plan Commission, Katherine J. McIntosh, William L. Corns, Teresa Corns, Joseph Vicari, Jason Zimmer, and Jill Zimmer

*Appellees-Defendants.*

November 20, 2020

Court of Appeals Case No. 20A-PL-1107

Appeal from the Lake Superior Court

The Honorable Stephen Scheele, Judge

Trial Court Cause No. 45D05-1909-PL-553

**Bradford, Chief Judge.**

# Case Summary

On September 13, 2019, Alan Pahl filed a complaint for declaratory relief, naming the Lake County Plan Commission ("Plan Commission") among other interested individuals as defendants. Pahl requested that the court declare the subdivision, of which his parcel is a part, void for lack of a proper drainage plan. The Appellees argued both below and on appeal that Pahl's lawsuit should be dismissed because he did not exhaust his administrative remedies. The trial court agreed and dismissed Pahl's claims with prejudice. Pahl filed a motion to correct error, which the trial court subsequently denied. Pahl claims that the trial court abused its discretion in denying his motion to correct error. Because we disagree, we affirm.

# Facts and Procedural History

Pahl's property is one lot within a five-lot plat located on Austin Street, in Lowell. Pahl's lot, along with the other four lots, are geographically located in the subdivision commonly referred to as Westerhoff Acres. Westerhoff Acres has been zoned as R-1 single-family residence since it was established in 1995. Prior to the tract's rezoning and subdivision in 1995, it was zoned for agricultural use. The Pahls purchased their lot in 2006. For the first few years of their ownership, Mrs. Pahl raised animals on the property, including ducks, alpacas, chickens, rabbits, and miniature horses.

[3]     Eventually, a neighbor complained about the animals. In October of 2009, Pahl received a letter from the Plan Commission informing them that they were in violation of county subdivision ordinances. Over the next few years, the Pahls pursued various legal claims, presumably in order to legally keep their desired animals on their property; however, none were successful.

[4]     The case at bar began on September 13, 2019, when Pahl filed a complaint for declaratory relief, pleading that because the trial court declared that there was never a proper drainage plan established for Westerhoff Acres, the Plan Commission's recommendation for the approval of the subdivision was voided. The trial court dismissed Pahl's case with prejudice, and later denied Pahl's motion to correct error.

## Discussion and Decision

[5]     A review of a trial court's ruling on a motion to correct error is reviewed for an abuse of discretion. *Hawkins v. Cannon, 826 N.E.2d 658, 661 (Ind. Ct. app. 2005), trans denied.* An abuse of discretion occurs if the trial court's decision was against the logic and effect of the facts and circumstances before the trial court or if the trial court misapplied the law. *Supervised Estate of Williamson v. Williamson,* 798 N.E.2d 238, 241 (Ind. Ct. App 2003). Moreover, an abuse of discretion will be found only when the trial court's judgment is clearly erroneous. *Sanders v. Sanders*, 2015 N.E.3d 1102, 1106 (Ind. Ct. App. 2018).

[6] "It is well-established that, if an administrative remedy is available, it must be pursued before a claimant is allowed access to the courts." *Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1224 (Ind. 2000). Indiana Code section 36-7-4-711 states that "[t]he plan commission (or plat committee acting on its behalf) . . . has exclusive control over the vacation of plats or parts of plats[,]" and the statute makes no exceptions for this procedure due to the lack or deficiency of a drainage plan. Moreover, a failure to exhaust administrative remedies creates a defect in subject matter jurisdiction of the trial court. *D.A.Y. Inv. LLC v. Lake C132.*, 106 N.E.3d 500, 506 (Ind. Ct. App. 2018). Because Pahl failed to exhaust his administrative remedies, *i.e.*, to bring his claim before the Plan Commission before filing suit in the trial court, the trial court did not have subject matter jurisdiction over the matter and, as such, the trial court was bound to dismiss the case.

[7] The judgment of the trial court is affirmed.

Najam, J., and Mathias, J., concur.